LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Kirby Shavers pleaded guilty in the Rankin County Circuit Court to rape, kidnapping, burglary of a dwelling, grand larceny, and aggravated assault. The trial court sentenced Shavers as follows: seventeen years for rape, fifteen years for kidnapping, twenty-five years for burglary of a dwelling, five years for grand larceny, and twenty years for aggravated assault. The sentences for the rape and burglary convictions were ordered to run concurrently, while the remaining sentences were ordered to run consecutively to each other and to the sentences for rape and burglary.
¶2. Shavers filed a motion for post-conviction relief, asking the trial court to reduce his sentence. The trial court determined Shavers was not entitled to relief and dismissed his motion. Shavers now appeals from that dismissal.
STANDARD OF REVIEW
¶ 3. When reviewing a trial court’s denial or dismissal of a motion for post-conviction relief, we will only disturb the trial court’s factual findings if they are clearly erroneous; however, we review the trial court’s legal conclusions under a de novo standard of review. Doss v. State, 19 So.3d 690, 694 (¶5) (Miss.2009).
DISCUSSION
¶ 4. Shavers’s arguments on appeal are unclear, but it appears he raises questions concerning double jeopardy, the legality of his sentence, and the permissibility of his multi-count indictment. In regard to any argument concerning a multi-count indictment, we find this issue was waived as a result of Shavers’s guilty plea. See Grissom v. State, 66 So.3d 1280, 1282 (¶ 9) (Miss.Ct.App.2011) (guilty plea constitutes a waiver of all technical or non-jurisdictional defects in an indictment).
¶ 5. In regard to the double-jeopardy claim, Shavers appears to argue he was punished multiple times for the same offense — the burglary charge. However, “separate offenses, though committed under a common nucleus of operative fact, do[] not present a legal impediment to multiple prosecutions under the double jeopardy clause of both the federal and the state constitutions.” Henley v. State, 749 So.2d 246, 249 (¶12) (Miss.Ct.App.2009) (citing Ohio v. Johnson, 467 U.S. 493, 498, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); Lee v. State, 469 So.2d 1225, 1229 (Miss.1985)). This argument is without merit.
¶ 6. In regard to whether Shavers’s sentence was excessive, it is clear from the plea colloquy Shavers was aware of the maximum and minimum sentences for each crime. The trial court acknowledged the effect of these sentences, which meant Shavers, who was approximately fifty years old at the time of the plea hearing, would spend the rest of his life in prison. However, the trial court stated it had imposed the sentences in light of the nature and severity of Shavers’s crimes and his prior criminal history. Each sentence Shavers received was within the statutory limits. Therefore, this argument is without merit.
¶ 7. Shavers also contends he was entitled to a sentence reduction on account of his deteriorating physical health and because he was drunk and/or on drugs at the time he committed the crimes charged. *364 Shavers failed to present such evidence during his guilty plea or during his sentencing hearing; thus, his arguments are waived. See Miss.Code Ann. § 99-39-21(1) (Rev.2007).
¶8. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
IRVING AND GRIFFIS, P.JJ, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.