PIERCE, Justice, for the Court:
¶ 1. The Choctaw County Circuit Court sentenced James Wayland Mosley to a total of 126 years in the custody of the Mississippi Department of Corrections (MDOC) for Mosley’s jury conviction of one count of selling cocaine, one count of selling methamphetamine, and one count of selling marijuana (less than thirty *840 grams). Mosley appeals to this Court, claiming that the trial court’s sentencing order is disproportionate to the crimes he committed and violates his constitutional protections against cruel and unusual punishment. Because we find that the trial court did not abuse its discretion, as Mosley’s sentences are neither disproportionate to the crimes he committed nor outside the limits prescribed by statute, we affirm the trial court’s sentencing order.
FACTS
¶ 2. The following facts are undisputed. On June 15, 2009, a confidential informant (Cl), working with agents with the Mississippi Bureau of Narcotics (MBN), contacted Mosley to purchase $100 worth of cocaine and $50 worth of marijuana. The Cl, equipped with surveillance equipment, then drove to a gas station to wait for Mosley. Soon after, a green “Tahoe” pulled into the gas station. Mosley exited the vehicle from the passenger’s side, walked inside the store, and entered the store’s restroom. The Cl followed Mosley into the store and waited outside the restroom. When Mosley came out of the restroom, he handed the Cl a folded paper towel. The Cl gave Mosley $100, and both men then left the store. The Cl drove to a nearby funeral-home parking lot, where MBN agents were waiting. The Cl returned the unused $50 to the agents and handed them the paper towel he had received from Mosley. The agents placed the paper towel and its contents into an evidence bag and took a statement from the CL The Mississippi Crime Laboratory later determined that the substance wrapped inside the paper towel was 0.6 grams of cocaine.
¶ 3. "While at the funeral home, the Cl again contacted Mosley. This time, the Cl discussed purchasing the marijuana that he did not purchase from Mosley earlier. Still equipped with surveillance equipment, the Cl left the funeral home and headed toward the National Guard Armory, with MBN agents trailing behind in their vehicle. The Cl pulled his vehicle into a skating-rink parking lot located just before the armory. Agents watched the Cl from their vehicle, which was stationed a short distance away.
¶ 4. Moments later, the same green Tahoe reappeared. The Cl got out of his vehicle and met Mosley on the passenger side of the Tahoe. Mosley handed the Cl a bag of marijuana, and the Cl handed Mosley $50. The Cl returned to his vehicle and drove back to the funeral home, where he handed the agents the marijuana just purchased from Mosley. The Mississippi Crime Laboratory later confirmed that this substance was 6.3 grams of marijuana.
¶ 5. After turning over the marijuana, the Cl informed the agents that Mosley had told him he would have “crystal meth” available shortly. The Cl called Mosley once more and set up a buy. The agents provided the Cl with another $50 to purchase the methamphetamine. The Cl met Mosley once again at the skating-rink parking lot. There, the Cl handed Mosley $50, and Mosley handed the Cl a green bag, which the Mississippi Crime Lab later determined contained 0.3 grams of methamphetamine.
¶ 6. Mosley later was arrested and charged with the above-mentioned drug sales. A Choctaw County grand jury returned a four-count indictment against Mosley. Prior to trial, the trial court had granted the State’s request to amend Mosley’s indictment so as to charge Mosley as a habitual offender under Mississippi Code Section 99-19-81 (Rev.2007), and also as a subsequent drug offender under the sentencing-enhancement provision of Mississippi Code Section 41-29-147 (Rev.2009), *841 which subjects the violator to a sentence and/or fíne up to twice that authorized by Mississippi Code Section 41-29-139(b)(l) and (3) (Rev.2009). The jury found Mosley guilty on three of the four[1] counts— one count of selling cocaine, one count of selling methamphetamine, and one count of selling marijuana (less than thirty grams).
¶ 7. Upon being adjudicated a subsequent drug-offender at sentencing, Mosley received a sixty-year sentence for the cocaine-conviction, a sixty-year sentence for the methamphetamine conviction, and a six-year sentence for the marijuana conviction. The trial court set said sentences to run consecutively to one another, for a total of 126 years in the custody of the MDOC, without the benefit of probation or early release.
DISCUSSION
¶8. Relying chiefly on Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); White v. State, 742 So.2d 1126 (Miss.1999); and Davis v. State, 724 So.2d 342 (Miss.1998), Mosley argues that his 126-year sentence constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Mosley does not dispute that his sentence falls within the statutory limits, and he concedes that this Court, generally, will not reverse a given sentence within the statutory limit. Russell v. State, 220 So.2d 334, 339 (Miss.1969). He contends, however, that in this instance, the 126-year term involves a threshold showing of being “grossly disproportionate” to the crimes charged. Therefore, it should be evaluated under the proportionality analysis set forth by the United States Supreme Court in Solem, to determine if the penalty violates the Eighth Amendment.
¶ 9. The State responds that Mosley’s sentence, although severe and tantamount to a life sentence, is neither cruel nor unusual nor “grossly disproportionate,” given the nature of Mosley’s most recent offenses and his status as a previous drug-offender and convicted arsonist. The State maintains that, because Mosley’s sentence is not “grossly disproportionate,” no proportionality analysis is required.
¶ 10. We agree with the State. As Mosley rightly acknowledges, sentencing lies within the sole discretion of the trial court and, generally, will not be disturbed on appeal “so long as it does not exceed the maximum term allowed by statute.” Gibson v. State, 731 So.2d 1087, 1097 (Miss.1998) (quoting Hoops v. State, 681 So.2d 521, 538 (Miss.1996)). We will apply the three-pronged test set forth in Solem,[2] “only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of ‘gross disproportionality.’ ” Thomas v. State, 48 So.3d 460, 479 (Miss.2010) (quoting Johnson v. State, 950 So.2d 178, 183 (Miss.2007)).
*842 ¶ 11. We find no such inferential showing here, since Mosley’s sentences clearly fall within the statutory limits. As mentioned, Mosley was convicted of violating Section 41 — 29—139(b)(1) and (3). Subsection (b)(1) provides a maximum of thirty years, and subsection (b)(3) provides a maximum of three years. Proof was presented at Mosley’s sentencing hearing that Mosley was a habitual offender under Section 99-19-81, which mandates the maximum sentence be given for a person convicted of a third felony. In compliance with Section 99-19-81, Mosley received the maximum sentence for each conviction. Because Mosley had at least one prior drug conviction, the trial court doubled each maximum sentence. This is authorized by Section 41-29-147, which provides in pertinent part: “any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.” Miss.Code Ann. § 41-29-147 (Rev.2009). In addition, the trial court ordered that each sentence run consecutively to one another. Pursuant to Mississippi Code Section 99-19-21 (Rev. 2007), “[w]hen a person is sentenced to imprisonment on two (2) or more convictions, the imprisonment on the second, or each subsequent conviction shall, in the discretion of the court, commence either at the termination of the imprisonment for the preceding conviction or run concurrently with the preceding conviction.”
¶ 12. We note the case of Williams v. State, 794 So.2d 181 (Miss.2001), overruled, on other grounds by Brown v. State, 995 So.2d 698, 703 (Miss.2008). There, Willie Williams was sentenced to 120 years, without the possibility of parole or early release, for the sale of cocaine. Id. at 189. The sentence was the result of the application of enhanced sentencing to Williams’s offense. Williams was sentenced to thirty years under Section 49-29-132, which the trial court doubled to sixty years, under Section 41-29-142, because it was found that Williams had sold the cocaine near a school. Id. Because Williams was a second and subsequent offender under Section 41-29-147, his sentence was again doubled to 120 years. Id. Williams was further sentenced without the possibility of parole or early release as a habitual offender pursuant to Section 99-19-81. Id. This Court affirmed Williams’s sentence in all respects, except for the application of Section 41-29-142. Id. at 190. The Williams Court found Section 41-29-142 inapplicable because the State had failed to establish that the drug transaction had occurred within 1,500 feet of the school. Id. at 188. For all intents and purposes, however, the Williams Court did not find the 120-year term grossly disproportionate. Williams spoke to the case of Davis, relied upon in the instant matter by Mosley, as follows:
The case at hand is distinguishable from Davis. In Davis, this Court found it relevant that the record did not indicate anything about prior offenses or the nature or punishments given for the offenses. Davis, 724 So.2d at 344. This Court also found that, even though there was some discussion of prior offenses, the defendant was not tried as a repeat offender significant in remanding for re-sentencing. Id. Further, the Court noted that the record did not provide any explanation for the sentence or presen-tencing investigation. Id.
Here, the trial court held a bifurcated hearing to determine whether Williams was a second and subsequent and habitual offender before applying the enhancement statute. The State entered into evidence copies of three orders of conviction against Williams. Further, the court noted Williams’s prior conviction of a schedule-two controlled sub *843 stance as a habitual offender in 1993. Excluding the argument, supra, concerning the application of [Section] 41-29-142, it is not apparent that the trial court misapplied the enhancement statutes in sentencing.
Id. at 189-90.
¶ 13. Similar to Williams, and unlike Davis, the trial court held a sentencing hearing following Mosley’s conviction, in which the State presented evidence that Mosley had been convicted of arson for setting fire to a state-supported school building. Evidence also was presented that Mosley was convicted in 2010 of cocaine possession and marijuana possession (less than thirty grams).
¶ 14. We also find White distinguishable. There, the defendant, a first-time offender, was sentenced to sixty years for selling crack cocaine within 1,500 feet of a church. White, 742 So.2d at 1129. Finding the sentence excessive, this Court vacated the sentence and remanded the matter to the trial court for resentencing. Id. at 1138. Significantly, White did not involve a defendant who was a drug recidivist and/or habitual offender, such as Mosley.
¶ 15. As we expressed in Stromas, “[d]rug offenses are very serious, and the public has expressed grave concern with the drug problem[,]” to which “[t]he legislature has responded in kind with stiff penalties for drug offenders.” Stromas, 618 So.2d 116, 123 (Miss.1993). Although the term Mosley received is extremely lengthy, it does not exceed the maximum sentence allowed by statute. Therefore, we find that the trial court did not abuse its discretion in sentencing Mosley to 126 years in the custody of the MDOC, without the benefit of probation or early release.
CONCLUSION
¶ 16. For the forgoing reasons, we affirm the judgment of the trial court.
¶ 17. COUNT II: CONVICTION OF SALE OF COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE, AND SENTENCE OF SIXTY (60) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT III: CONVICTION OF SALE OF MARIJUANA, A SCHEDULE I CONTROLLED SUBSTANCE, AND SENTENCE OF SIX (6) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. COUNT IV: CONVICTION OF SALE OF METHAMPHETAMINE, A SCHEDULE II CONTROLLED SUBSTANCE, AND SENTENCE OF SIXTY (60) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. APPELLANT IS A HABITUAL OFFENDER. SENTENCE IN COUNT III SHALL RUN CONSECUTIVELY TO THE SENTENCE IN COUNT II. SENTENCE IN COUNT IV SHALL RUN CONSECUTIVELY TO THE SENTENCE IN COUNT II. SENTENCES SHALL NOT BE REDUCED OR SUSPENDED, NOR SHALL THE APPELLANT BE ELIGIBLE FOR PROBATION, PAROLE, OR OTHER TYPE OF EARLY RELEASE.
CARLSON, P.J., RANDOLPH, LAMAR, CHANDLER AND KING, JJ., CONCUR. WALLER, C.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND KITCHENS, J.

. In count one of the indictment, Mosley was charged with the sale of cocaine, which allegedly occurred on June 9, 2009, from a controlled drug buy conducted by the MBN. The jury acquitted Mosley of this drug charge. Thus, we do not discuss the facts surrounding this charge.

. The three factors set out in Solem for courts to consider when conducting a proportionality analysis are: (a) gravity of the offense and the harshness of the penalty; (b) sentences imposed on other criminals in the same jurisdiction; and (c) sentences imposed for the commission of the same crime in different jurisdictions. Solem, 463 U.S. at 292, 103 S.Ct. 3001, overruled in Harmelin v. Michigan, 501 U.S. 957, 965-66, 111 S.Ct. 2680, 2686-87, 115 L.Ed.2d 836 (1991), to the extent that it found a guarantee of proportionality in the Eighth Amendment.