# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-KA-00964-COA

**DAREX ANTONIO CHESTER A/K/A DAREX CHESTER A/K/A DAREX A. CHESTER**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/08/2013 |
| TRIAL JUDGE: | HON. MICHAEL M. TAYLOR |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER |
| | BY: W. DANIEL HINCHCLIFF |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF ATTORNEY GENERAL |
| | BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | DEE BATES |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF COUNTS I AND II, UNLAWFUL SALE OF AT LEAST ONE TENTH GRAM BUT LESS THAN TWO GRAMS OF COCAINE; COUNT III, UNLAWFUL SALE OF LESS THAN ONE HUNDRED DOSAGE UNITS OF DIAZEPAM; AND COUNT IV, UNLAWFUL SALE OF LESS THAN ONE HUNDRED DOSAGE UNITS OF TRIAZOLAM, AND SENTENCED, AS A HABITUAL OFFENDER AND PRIOR DRUG OFFENDER, TO SIXTY YEARS ON COUNT I AND TO PAY A FINE OF $5,000; SIXTY YEARS ON COUNT II AND TO PAY A FINE OF $5,000; FORTY YEARS ON COUNT III AND TO PAY A FINE OF $1,000; AND FORTY YEARS ON COUNT IV AND TO PAY A FINE OF $1,000, WITH ALL COUNTS TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI |

DISPOSITION:                                     AFFIRMED - 02/16/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND WILSON, JJ.**

**LEE, C.J., FOR THE COURT:**

**FACTS AND PROCEDURAL HISTORY**

¶1.     On March 28, 2013, Darex Antonio Chester was convicted in the Circuit Court of Pike County, Mississippi, of Counts I and II, unlawful sale of at least one tenth gram but less than two grams of cocaine; Count III, unlawful sale of less than one hundred dosage units of Diazepam; and Count IV, unlawful sale of less than one hundred dosage units of Triazolam. And on April 8, 2013, Chester was sentenced, as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007) and a prior drug offender under Mississippi Code Annotated section 41-29-147 (Rev. 2013), to sixty years for Count I, sixty years for Count II, forty years for Count III, and forty years for Count IV, with all sentences to run concurrently in the Mississippi Department of Corrections' custody without eligibility for parole or probation. Chester was also ordered to pay a fine in the amount of $5,000 each on Counts I and II and $1,000 each on Counts III and IV, for a total of $12,000.

¶2.     Chester's appellate counsel filed a brief with this Court pursuant to *Lindsey v. State*, 939 So. 2d 743 (Miss. 2005), stating no arguable issues existed for appeal. Chester's appellate attorney also confirmed that he sent a copy of his brief to Chester, along with correspondence informing Chester that he found no arguable issues in the record to raise as

2

error, and that Chester had a right to file a pro se brief to raise any perceived errors.  Chester

filed a pro se brief and a reply brief, arguing: (1) this Court should direct the trial court to

answer his petition to clarify his sentence; (2) the sentences imposed by the trial court were

excessive, disproportionate to his crimes, and constituted cruel and unusual punishment; and

(3) the trial court should not have given jury instruction S-9.  Finding no error, we affirm.

## DISCUSSION

¶3.      In *Lindsey*, the Mississippi Supreme Court set forth the process to follow when

appellate counsel for an indigent criminal defendant concludes no arguable issues exist on

appeal.  *Id.* at 748 (¶18).  Specifically, the *Lindsey* court stated:

> (1) Counsel must file and serve a brief in compliance with Mississippi Rule of
> Appellate Procedure 28(a)(1)-(4), (7); *see also* [*Smith v.*] *Robbins*, 528 U.S.
> [259,] 280-81 [(2000)] (stating that "counsel's summary of the case's
> procedural and factual history, with citations of the record, both ensures that
> a trained legal eye has searched the record for arguable issues and assists the
> reviewing court in its own evaluation of the case.").

> (2) As a part of the brief filed in compliance with Rule 28, counsel must certify
> that there are no arguable issues supporting the client's appeal, and he or she
> has reached this conclusion after scouring the record thoroughly, specifically
> examining: (a) the reason for the arrest and the circumstances surrounding the
> arrest; (b) any possible violations of the client's right to counsel; (c) the entire
> trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial
> misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into
> evidence or not; and (h) possible misapplication of the law in sentencing.

> (3) Counsel must then send a copy of the appellate brief to the defendant,
> inform the client that counsel could find no arguable issues in the record, and
> advise the client of his or her right to file a pro se brief.

> (4) Should the defendant then raise any arguable issue or should the appellate
> court discover any arguable issue in its review of the record, the court must,
> if circumstances warrant, require appellate counsel to submit supplemental
> briefing on the issue, regardless of the probability of the defendant's success

3

on appeal.

> (5) Once briefing is complete, the appellate court must consider the case on its merits and render a decision.

*Lindsey,* 939 So. 2d at 748 (¶18) (internal citations and footnotes omitted).

¶4. Here, Chester's attorney indicated he diligently and thoroughly scoured the record, searching for any arguable issues that could be presented in good faith on appeal, but he found none. Chester's attorney asserted that he specifically examined: (1) the reason for Chester's arrest and the surrounding circumstances; (2) any possible violation of Chester's right to counsel; (3) the entire trial transcript; (4) all rulings of the trial court; (5) possible prosecutorial misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into evidence or not; (8) possible misrepresentation of the law in sentencing; (9) the indictment and all pleadings in the record; (10) any possible ineffective-assistance-of-counsel issues; (11) a witness's speculative testimony; (12) habitual-criminal enhancements; and (13) any other possible reviewable issues.

¶5. Although Chester's appellate attorney found no arguable issues on appeal, we will address the merits of Chester's issues on appeal.

### I.    Petition to Clarify Sentence

¶6. Chester claims this Court should direct the Pike County Circuit Court to answer his petition to clarify his sentence. However, Chester filed a petition for a writ of mandamus with this Court requesting the same, which we denied on June 24, 2015. The appropriate procedure for review of a petition for a writ of mandamus is to file a motion for reconsideration within fourteen days after the decision is handed down. M.R.A.P. 27(h)(5).

This issue is procedurally barred.

## II. Sentence

¶7. Chester claims his sentences were excessive, disproportionate to his crimes, and constituted cruel and unusual punishment.

¶8. "Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." *Hoops v. State*, 681 So. 2d 521, 537 (Miss. 1996). "Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute." *Id.* (quoting *Fleming v. State*, 604 So. 2d 280, 302 (Miss. 1992)).

¶9. In *Solem v. Helm*, 463 U.S. 277, 290-92 (1983), the United States Supreme Court set forth three factors to consider in a disproportionality analysis:

(a) the gravity of the offense and the harshness of the penalty;

(b) the sentences imposed on other criminals in the same jurisdiction; and

(c) the sentences imposed for commission of the same crime in other jurisdictions.

However, in light of *Harmelin v. Michigan,* 501 U.S. 957, 965-66 (1991), "*Solem* is to apply only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross disproportionality." *Parisi v. State,* 119 So. 3d 1061, 1067 (¶21) (Miss. Ct. App. 2012) (quoting *Nichols v. State*, 826 So. 2d 1288, 1290 (¶12) (Miss. 2002)).

¶10. We find no such inferential showing here since Chester's sentences clearly fall within the statutory limits. *Mosely v. State*, 104 So. 3d 839, 842 (¶11) (Miss. 2012). Chester was convicted of violating Mississippi Code Annotated section 41-29-139 (Rev. 2013). Under

that section, the maximum sentences for Counts I and II are thirty years, and the maximum sentences for Counts III and IV are twenty years. Chester was also found to be a habitual (nonviolent) offender under section 99-19-81 and a prior drug offender under section 41-29-147. Section 99-19-81 required the trial court to impose the maximum sentences, thirty years for Counts I and II and twenty years for Counts III and IV. And section 41-29-147 permitted the trial court to impose "up to twice" that amount. So the sixty-year sentences for Counts I and II and the forty-year sentences for Counts III and IV fell within the Legislature's prescribed guidelines. *See Tate v. State*, 912 So. 2d 919, 933 (¶51) (Miss. 2005) (finding sixty-year drug-related sentences calculated by applying sections 41-29-147 and 99-19-81 were proper); *see also Parisi*, 119 So. 3d at 1067 (¶24).

¶11. Although the term Chester received is lengthy, it does not exceed the maximum sentence allowed by statute. *Mosely*, 104 So. 3d at 843 (¶15). Therefore, we find that the trial court did not abuse its discretion in sentencing Chester. *Id.* This issue is without merit.

### III. Jury Instruction

¶12. In his other issue, Chester claims the trial court erred by giving jury instruction S-9. However, Chester does not cite any relevant authority to support his argument. It is well established that "[t]he failure to cite relevant authority, or to make any connection between the authority cited and [the appellant's] case constitutes a procedural bar." *King v. State*, 857 So. 2d 702, 725 (¶70) (Miss. 2003) (citing *Pate v. State*, 419 So. 2d 1324, 1325-26 (Miss. 1982)).

¶13. Procedural bar notwithstanding, we find no error. "Jury instructions are within the

6

discretion of the trial court and the settled standard of review is abuse of discretion." *Watkins v. State*, 101 So. 3d 628, 633 (¶16) (Miss. 2012). "The jury instructions are to be read as a whole, with no one instruction to be read alone or taken out of context." *Id.* "When read together, if the jury instructions state the law of the case and create no injustice, then no reversible error will be found." *Id.*

¶14. Chester challenges the second paragraph of jury instruction S-9, which states: "The Court instructs the Jury that a 'dosage unit' equals a tablet or capsule of [a] controlled substance." Chester claims the instruction was essentially an improper peremptory instruction. However, instruction S-9 is merely a definition of a "dosage unit" under section 41-29-139. This issue is without merit.

¶15. **THE JUDGMENT OF THE CIRCUIT COURT OF PIKE COUNTY OF CONVICTION OF COUNTS I AND II, UNLAWFUL SALE OF AT LEAST ONE TENTH GRAM BUT LESS THAN TWO GRAMS OF COCAINE; COUNT III, UNLAWFUL SALE OF LESS THAN ONE HUNDRED DOSAGE UNITS OF DIAZEPAM; AND COUNT IV, UNLAWFUL SALE OF LESS THAN ONE HUNDRED DOSAGE UNITS OF TRIAZOLAM, AND SENTENCE, AS A HABITUAL OFFENDER AND PRIOR DRUG OFFENDER, OF SIXTY YEARS ON COUNT I AND TO PAY A FINE OF $5,000; SIXTY YEARS ON COUNT II AND TO PAY A FINE OF $5,000; FORTY YEARS ON COUNT III AND TO PAY A FINE OF $1,000; AND FORTY YEARS ON COUNT IV AND TO PAY A FINE OF $1,000, WITH ALL COUNTS TO RUN CONCURRENTLY IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO PIKE COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**