# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00103-COA

KIRBY SHAVERS                                                          APPELLANT

v.

STATE OF MISSISSIPPI                                                    APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 11/23/2015 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KIRBY SHAVERS (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DISMISSED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/06/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES AND CARLTON, JJ.

### CARLTON, J., FOR THE COURT:

¶1.     Kirby Shavers filed a motion for postconviction relief (PCR) in the Rankin County Circuit Court alleging that he received an illegal sentence and ineffective assistance of counsel. The trial court dismissed Shavers's PCR motion as time-barred and successive-writ barred. Shavers filed a motion for reconsideration, which the trial court denied. This appeal followed. Finding no error, we affirm the trial court's summary dismissal of Shavers's PCR motion.

## FACTS

¶2.     On August 4, 2008, Shavers pleaded guilty in the Rankin County Circuit Court to

rape, kidnapping, burglary of a dwelling, grand larceny, and aggravated assault. The trial court sentenced Shavers to seventeen years for rape, fifteen years for kidnapping, twenty-five years for burglary, five years for grand larceny, and twenty years for aggravated assault. The trial court ordered the rape and burglary sentences to run concurrently, and ordered the remaining sentences to run consecutively to each other and to the sentences for rape and burglary, resulting in a sentence of sixty-five years in the custody of the Mississippi Department of Corrections (MDOC).

¶3.     In 2011, Shavers filed a PCR motion raising "questions concerning double jeopardy, the legality of his sentence, and the permissibility of his multi-count indictment." *Shavers v. State*, 94 So. 3d 362, 363 (¶4) (Miss. Ct. App. 2012). The trial court dismissed Shavers's PCR motion after determining that he was not entitled to relief. Shavers then appealed the dismissal. On appeal, this Court addressed whether Shavers's sentence was excessive, and found:

> [I]t is clear from the plea colloquy [that] Shavers was aware of the maximum and minimum sentences for each crime. The trial court acknowledged the effect of these sentences, which meant Shavers, who was approximately fifty years old at the time of the plea hearing, would spend the rest of his life in prison. However, the trial court stated it had imposed the sentences in light of the nature and severity of Shavers's crimes and his prior criminal history. Each sentence Shavers received was within the statutory limits.

*Id*. at (¶6). This Court also held that Shavers's appeal lacked merit, and accordingly affirmed the trial court's dismissal of Shavers's PCR motion. *Id*. at 364 (¶8).

¶4.     On November 13, 2015, Shavers filed a petition for a writ of habeas corpus, which the trial court treated as a PCR motion. The record reflects that the trial court reviewed the

2

transcript of Shavers's guilty-plea and sentencing hearings conducted on August 4, 2008, and August 11, 2008, respectively, as well as Shavers's criminal file. The trial court then entered an order dismissing Shavers's PCR motion as both time-barred and barred as a successive writ. The trial court held that it "plainly appears from the face of the [PCR motion] that [the] petitioner is not entitled to any relief and [this court] further finds that the [PCR motion] should also be dismissed pursuant to [Mississippi Code Annotated section] 99-39-11(2) [(Rev. 2015)]."

¶5.     Shavers filed a motion for reconsideration, which the trial court denied. This appeal followed. On appeal, Shavers claims he received ineffective assistance of counsel. Shavers argues that his counsel rejected every request he made concerning the case, including his request to focus on the lack of DNA evidence, and lack of medical records regarding the victim's injuries. Additionally, Shavers claims that his counsel led him to believe that if he accepted a plea deal, the court would use a life-expectancy chart during sentencing, which would allow Shavers to receive a lesser sentence. Finally, Shavers argues that his sixty-five-year sentence is excessive because it was greater than his remaining life expectancy. Shavers reasons that the sentence is an illegal violation of his fundamental rights.

## STANDARD OF REVIEW

¶6.     When reviewing a trial court's summary dismissal of a PCR motion, this Court employs a clearly-erroneous standard of review. *Jones v. State*, 174 So. 3d 902, 905 (¶8) (Miss. Ct. App. 2015). However, when questions of law are raised, we employ a de novo standard of review. *Id*. Section 99-39-11(2) provides: "If it plainly appears from the face

3

of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified."

¶7.    Shavers bears the burden of showing by a preponderance of the evidence he is entitled to postconviction relief. *Roach v. State*, 116 So. 3d 126, 131 (¶15) (Miss. 2013); Miss. Code Ann. § 99-39-23(7) (Rev. 2015).  Additionally, Shavers "bears the burden of proving by a preponderance of the evidence that his [PCR] claims are not barred as successive writs." *See Williams v. State*, 110 So. 3d 840, 843 (¶13) (Miss. Ct. App. 2013).  We affirm dismissals or denials of PCR motions when the movant fails to demonstrate "a claim procedurally alive substantially showing the denial of a state or federal right." *Borden v. State*, 122 So. 3d 818, 821 (¶7) (Miss. Ct. App. 2013).

## DISCUSSION

¶8.    The record reflects that Shavers pleaded guilty to rape, kidnapping, burglary of a dwelling, grand larceny, and aggravated assault on August 4, 2008.  Shavers filed this PCR motion before us on November 13, 2015, more than seven years after entering his pleas. Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) provides that in the case of guilty plea, "[a] motion for relief under this article shall be made . . . within three (3) years after entry of the judgment of conviction."  As a result, Shavers's PCR motion is clearly untimely and barred by the three-year statute of limitations of the Mississippi Uniform Postconviction Collateral Relief Act (UPCCRA).

¶9.    However, we acknowledge that the UPCCRA has provided certain exceptions from

this three-year statute of limitations in cases where the petitioner can demonstrate the following:

> (a)(i) That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; or

> (ii) That, even if the petitioner pled guilty or nolo contendere, or confessed or admitted to a crime, there exists biological evidence not tested, or, if previously tested, that can be subjected to additional DNA testing that would provide a reasonable likelihood of more probative results, and that testing would demonstrate by reasonable probability that the petitioner would not have been convicted or would have received a lesser sentence if favorable results had been obtained through such forensic DNA testing at the time of the original prosecution.

> (b) Likewise excepted are those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Likewise excepted are filings for post-conviction relief in capital cases which shall be made within one (1) year after conviction.

Miss. Code Ann. § 99-39-5(2). We additionally recognize that errors affecting a defendant's fundamental constitutional rights also constitute exceptions to this time-bar. *Blount v. State*, 126 So. 3d 927, 931 (¶13) (Miss. Ct. App. 2013). Although Shavers's PCR motion is clearly time-barred, Shavers asserts that his counsel's assistance was ineffective and he received an illegal sentence, all of which violated his fundamental constitutional rights.

¶10. Mississippi Code Annotated section 99-39-23(6) (Rev. 2015) also bars successive PCR motions:

> The order as provided in subsection (5) of this section or any order dismissing the petitioner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second

5

or successive motion under this article.

¶11.    The petitioner "bears the burden of proving by a preponderance of the evidence that his claims are not barred as successive writs." *Williams*, 110 So. 3d at 843 (¶13); Miss. Code Ann. § 99-39-23(7).   As stated, Shavers filed a PCR motion in 2011 asserting that he received an illegal sentence.   This Court ultimately held that "[e]ach sentence Shavers received was within the statutory limits," and affirmed the trial court's dismissal of Shavers's PCR motion. *Shavers*, 94 So. 3d at 363 (¶6).  In his current PCR motion, filed in November 2015, Shavers again claims that he received an illegal sentence.  Upon review, we find that Shavers's PCR motion fails to assert any of the exceptions provided by section 99-39-23(6) relieving him from the successive-writ bar.  Furthermore, we find no reason to set aside the previous finding of this Court that Shavers's sentences were within the statutory limits. *Id*.; *see also Foster v. State*, 148 So. 3d 1012, 1016 (¶12) (Miss. 2014) (citing *Grayer v. State*, 120 So. 3d 964, 969 (¶16) (Miss. 2013) ("A sentence is not illegal unless it exceeds the maximum statutory penalty for the crime."). Accordingly, we find Shavers's claim of an illegal sentence procedurally barred as a successive writ.

¶12.    The Mississippi Supreme Court has held that claims of ineffective assistance of counsel are subject to the procedural bars of the UPCCRA. *Salter v. State*, 64 So. 3d 514, 518 (¶14) (Miss. Ct. App. 2010) (citing *Kirk v. State*, 798 So. 2d 345, 346 (¶6) (Miss. 2000)); *see also Avery v. State*, 179 So. 3d 1182, 1190 (¶16) (Miss. Ct. App. 2015) ("The supreme court has not yet held that effective assistance of counsel is a fundamental constitutional right that may overcome procedural bars in noncapital cases.").  We acknowledge that

6

> [t]hough it is conceivable that under the facts of a particular case, a lawyer's performance was so deficient, and so prejudicial to the defendant that the defendant's fundamental constitutional rights were violated, our supreme court has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar.

*Williams*, 110 So. 3d at 844 (¶21) (citing *Smith v. State*, 922 So. 2d 43, 47 (¶9) (Miss. Ct. App. 2006)). Accordingly, this Court must review Shavers's ineffective-assistance-of-counsel claim to determine whether it is sufficient to invoke the fundamental-rights exception. As previously stated, "[t]he burden is on the PCR movant to show he . . . is entitled to relief by a preponderance of the evidence." *Smith v. State*, 129 So. 3d 243, 245 (¶5) (Miss. Ct. App. 2013).

¶13. The supreme court has explained that in order to prevail on a claim of ineffective assistance of counsel, a petitioner "must demonstrate two things: (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that but for counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different." *Avery*, 179 So. 3d at 1188 (¶13) (internal quotation marks omitted) (citing *Hannah v. State*, 943 So. 2d 20, 24 (¶6) (Miss. 2006)); *see also Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

¶14. In *Avery*, 179 So. 3d at 1188 (¶13), this Court recognized that with regard to guilty pleas, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty, would have insisted on going to trial, and the outcome would have been different." Furthermore, "a defendant must plead claims of ineffective assistance of counsel with specificity, and the claim must be supported by

7

affidavits other than his own." *Id*. at 1188-89 (¶13). "When a movant fails to attach any supporting affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail." *Id*. at 1189 (¶13).

¶15. Shavers claims that he was not appointed counsel until he had spent eight months in jail. In support of his claim of ineffective assistance, Shavers asserts that his counsel rejected every request concerning the case as well as the lack of evidence against Shavers—namely, lack of DNA evidence and lack of medical records regarding injuries—and that his counsel led him to believe that if he accepted a plea deal, the court would use a life-expectancy chart, allowing Shavers to receive a lesser sentence.

¶16. Upon review of Shavers's claims, we find that the record contains no evidence or affidavits in support of Shavers's claim that he was not appointed counsel until he had spent eight months in jail. The record also contains no evidence or affidavits in support of Shavers's claim that his counsel led him to believe he would receive a lesser sentence if he accepted the plea deal. *See Avery*, 179 So. 3d at 1188 (¶13)

¶17. Regarding his assertion that his counsel failed to argue that a lack of DNA evidence or medical records existed to prove Shavers's guilt, we find the record contains no documents, evidentiary support, or affidavits supporting these statements. In his appellate brief, Shavers simply states that if he had received effective assistance from his counsel, "[t]he DNA establishes that count one[, rape,] . . . would be highly questionable since Shavers's DNA was not a match, as well as count five[, aggravated assault,] and whether [the victim's] jaw was actually broke[n]." Shavers claims that "counsel allowed that this was a

lost cause that unless the State released such information the jury would believe he was capable because of count one," which we can only interpret as meaning that his counsel advised Shavers that going to trial and using any alleged DNA evidence would not prove his innocence.

¶18. Contrary to Shavers's assertion that DNA evidence could clear him of any rape charges, the record before us contains the transcript from the plea hearing, wherein the State informed the trial court that the State possessed DNA evidence from a rape kit performed on the victim. The State provided on the record that the "DNA would say that it was in fact Mr. Shavers who deposited that semen sample." The State also provided: "At the time of his arrest, the pants [that] Mr. Shavers was wearing . . . were submitted to the State Crime Lab, and the victim's DNA came back, a sample of her DNA came back there in the clothes . . . he was wearing." When the trial court asked Shavers if he disagreed with any of the facts presented, Shavers responded, "No, sir, your Honor."

¶19. Moreover, the record reflects that Shavers submitted his plea to the trial court under oath wherein he acknowledged that he understood the meaning and effect of his guilty plea, as well as the offenses to which he pleaded guilty. Additionally, at his plea hearing, Shavers swore under oath that his defense counsel had advised him of the nature of the offense. Shavers also affirmed that he and his defense counsel discussed the elements of the crimes charged against Shavers as well as any facts Shavers believed might be necessary for any possible defenses. Shavers stated under oath that he was satisfied with his defense counsel's service.

¶20. Accordingly, we find that Shavers has not sufficiently alleged that his counsel's performance fell below an objective standard of reasonableness. Shavers thus failed to prove the first part of the *Strickland* analysis. We also find that Shavers failed to demonstrate a reasonable probability that the outcome of the proceeding would have been different if his defense counsel had submitted DNA evidence or medical records. *See Avery*, 179 So. 3d at 1188 (¶13).

¶21. After reviewing the record, we find that Shavers's claims of ineffective assistance of counsel lack sufficient evidentiary support. Shavers provides only his own assertions to support his claims. *Id*. at 1188-89 (¶13). We therefore affirm the trial court's summary dismissal of Shavers's PCR motion as time-barred and successive-writ barred.

¶22. **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**