# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-01323-COA

**GARY RAYMOND MAPP, JR. A/K/A BEAU MAPP A/K/A GARY RAYMOND MAPP**  **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/21/2018 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN G. HOLADAY |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 01/26/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., McDONALD AND LAWRENCE, JJ.

### BARNES, C.J., FOR THE COURT:

¶1.     On August 13, 2015, a Rankin County grand jury indicted Gary Raymond Mapp Jr. on five counts:  Count I, armed robbery; Count II, aggravated assault; Count III, kidnapping; Count IV, burglary of an occupied dwelling; and Count V, attempted murder.  On January 4, 2016, Mapp entered a plea-bargain guilty plea to Count I and open pleas for Counts II-IV.  As part of the plea agreement, Count V was nolle prosequied.

¶2.     A sentencing hearing was held on January 25, 2016.  The circuit court reviewed letters from Mapp's family and friends, as well as the video-surveillance recording of the crimes.

Taking into account the violent nature of the crimes, as evidenced by the video,[1] the circuit court sentenced Mapp to fifteen years to be served in the custody of the Mississippi Department of Corrections (MDOC) for Count I, twenty years to be served for Count II, thirty years to be served for Count III, and twenty-five years to be served for Count IV. The sentences in Counts I, II, and IV were set to run concurrently; the thirty-year sentence for Count III was set to run consecutively to the sentences in Counts I, II, and IV, resulting in Mapp's receiving a cumulative sentence of fifty-five years to be served in the MDOC's custody.

¶3.    Mapp filed a motion for post-conviction relief (PCR) on December 19, 2017, alleging that his sentences were grossly disproportionate in violation of the Eighth Amendment. He also asserted claims of ineffective assistance of counsel. The Rankin County Circuit Court entered a "Judgment of Dismissal" on March 21, 2018, finding Mapp had failed to "support[] his claim for ineffective assistance of counsel" and to demonstrate that he was "entitled to any relief." Mapp filed a motion to reconsider on April 2, 2018, insisting that the court should have conducted an evidentiary hearing on his allegations of "the disproportionality of [his] sentence" and ineffective assistance of counsel. On July 23, 2019, the court denied the motion to reconsider.

¶4.    Mapp appeals from the court's denial and dismissal of his PCR motion. Finding no error, we affirm.

---

[1] The court noted that the video showed the victim "fighting for his life," and "[b]ut just for the strength of [the victim], [Mapp would] be looking at a capital[-]murder charge."

**STANDARD OF REVIEW**

¶5.     "When reviewing a circuit court's denial or dismissal of a PCR motion, we will reverse the judgment of the circuit court only if its factual findings are clearly erroneous; however, we review the circuit court's legal conclusions under a de novo standard of review." *Gunn v. State*, 248 So. 3d 937, 941 (¶15) (Miss. Ct. App. 2018) (quoting *Berry v. State*, 230 So. 3d 360, 362 (¶3) (Miss. Ct. App. 2017)).

**DISCUSSION**

**I.      Whether the sentences imposed by the circuit court were grossly disproportionate.**

¶6.     Mapp does not contend that his individual sentences exceed the maximum statutory limits.  Rather, Mapp argued in his PCR motion that the "fifty-five" year sentence imposed by the circuit court "was disproportionate to the crimes and constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution."  The circuit court, however, concluded that Mapp had "failed to substantiate a disproportionality claim."  The court also noted that Mapp was afforded an opportunity at the sentencing hearing to suggest "corrections or changes to the [pre-sentence] report" and to "put on any testimony relative to sentencing."  On appeal, Mapp reiterates this argument, claiming that his sentences "were grossly disproportionate to the crimes" committed.

¶7.     "The only exception for a party seeking relief who cannot show that his/her sentence exceeds the statutory penalty is 'proof of gross disproportionality.'" *Smith v. State*, 291 So. 3d 1, 6 (¶13) (Miss. Ct. App. 2019) (quoting *Willis v. State*, 911 So. 2d 947, 951 (¶16) (Miss. 2005)).  A two-step process is employed "to determine whether a lengthy sentence is

3

unconstitutional." *Id.*

> First, the person seeking relief must show that the sentence itself leads to an inference of gross disproportionality. Generally, sentences that do not exceed the maximum punishment allowed by statute will not be considered grossly disproportionate and will not be disturbed on appeal, but in some circumstances, proportionality review of sentences is required.

*Id.* (citations and internal quotations marks omitted). Second, if it is shown that there is an inference of gross disproportionality, the United States Supreme Court has set forth factors in *Solem v. Helm*, 463 U.S. 277, 290-93 (1983), to determine whether a sentence is disproportionate. These factors include: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Id.* at 292; *accord Smith*, 291 So. 3d at 6-7 (¶14).

¶8.    Because the sentences imposed by the circuit court fall within the applicable statutory sentencing limits, we find no inference of gross disproportionality. In *Mosley v. State*, 104 So. 3d 839, 841 (¶¶7-8) (Miss. 2012), the Mississippi Supreme Court addressed a defendant's argument that the circuit court's imposition of three consecutive sentences totaling 126 years "involve[d] a threshold showing of being 'grossly disproportionate' to the crimes charged." Noting that the "three-pronged test set forth in *Solem*" will only be applied "when a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality,'" the supreme court concluded that "since Mosley's sentences clearly f[e]ll within the statutory limits," there was no "such inferential showing here." *Id.* at 841-42 (¶¶10-11); *see also Anderson v. State*, 293 So. 3d 279, 297 (¶55) (Miss. Ct. App. 2019)

4

(holding that "[b]ecause Anderson's sentences were within the statutory limits[,] there [was] no inference of 'gross disproportionality,'" and therefore this Court was "not bound to undertake a proportionality analysis"), *cert. denied*, 291 So. 3d 1112 (Miss. 2020). Moreover, as the supreme court recently noted, "[d]etermining whether multiple sentences run concurrently or consecutively is within the [circuit] court's discretion." *Thomas v. State*, 277 So. 3d 532, 536 (¶17) (Miss. 2019). Therefore, there is no need for this Court to proceed to the second step and address the *Solem* factors.[2] This assignment of error is without merit.

## II. Whether Mapp was denied his right to effective assistance of counsel.

¶9. In his PCR motion, Mapp alleged that his defense attorneys met with him only three times, failed to discuss the details of the case with him or any defenses he may have, and failed to provide him with any copies of the discovery for this case. He also asserted that his counsel did not make any argument on his behalf at the sentencing hearing. On appeal, he outlines several failings of counsel, such as (1) negotiating a more favorable plea agreement, (2) objecting to the Court's viewing of the video at sentencing, and (3) meeting with Mapp "to prepare for the plea and sentencing hearing."

¶10. In order to prevail on an ineffective-assistance-of-counsel claim, a movant "must demonstrate: (1) that his trial attorney's performance was deficient, and (2) that this

___

[2] The State asserts that Mapp did not address any of the *Solem* factors in presenting his claim of "gross disproportionality." Mapp replies that "this information was not available to [him], because of the uniqueness of this prosecution and the sentence stacking[.]" Thus, he "maintains that his failure to provide information for the [c]ourt usually required for an analysis of the second and third factors in *Solem* is not a fatal flaw to [his p]etition." Again, finding no inference of "gross disproportionality," we decline to address this argument.

deficiency was prejudicial to his defense." *Cook v. State*, 301 So. 3d 766, 777 (¶34) (Miss. Ct. App.) (internal quotation marks omitted) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)), *cert. denied*, 302 So. 3d 647 (Miss. 2020). "[He] must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* (quoting *Hills v. State*, 101 So. 3d 691, 693 (¶9) (Miss. Ct. App. 2012)). As this Court has held:

> A defendant's claims of ineffective assistance of counsel must be pled "with specificity, and the claim must be supported by affidavits other than his own." *Shavers v. State*, 215 So. 3d 502, 507 (¶14) (Miss. Ct. App. 2016)). [However, "w]hen a movant fails to attach any supporting affidavits and relies solely on his own sworn motion, his ineffective-assistance claim must fail." *Id.* As there is a presumption of truthfulness "attached to a defendant's solemn declarations in open court a collateral attack on a facially correct plea must include supporting affidavits of other persons." *Readus* [*v. State*], 837 So. 2d [209,] 213 (¶11) [(Miss. Ct. App. 2003)].

*Moore v. State*, 248 So. 3d 845, 851 (¶15) (Miss. Ct. App. 2017) (other citation omitted).

¶11.    Finding Mapp "provide[d] no specifics" concerning counsel's alleged deficient performance, nor "any affidavit, other than his own sworn petition" to support his claim, the circuit court held that Mapp failed to "meet his burden of proof that would entitle him to any relief or that would justify a hearing on his petition." The court further noted that Mapp's sworn testimony at his plea hearing contradicted his claims, as evidenced by the following exchange:

THE COURT:    Have you had an opportunity to discuss with your attorney all the facts and circumstances related to each of the crimes that you're offering to plead guilty to?

A.    Yes, sir.

6

THE COURT: Did your discussions with your attorneys included any possible defenses that you may have to these charges?

A. Yes, sir.

THE COURT: Did your discussions with your attorneys also include the elements of the crimes?

A. Yes, sir.

Moreover, Mapp's signed "Petition to Enter Guilty Plea" stated:

My attorneys have advised me as to the possibilities of my acquittal or conviction on the charges against me, and have thoroughly discussed all aspects of my case with me. My attorneys have counseled and advised me, and have made no threats or promises of any type or kind to induce me to enter this plea of guilty. . . . My attorneys have counseled and advised me on the nature and elements of the charges, on any and all lesser-included charges, and on all possible defenses that I might have in this case. . . . I have also been told by my attorney that any sentence I may receive is up to the [c]ourt, and that the [c]ourt is not required to carry out any understanding made by me and my attorney with the District Attorney . . . . I believe that my attorneys have done all that anyone could do to counsel and assist me. **I AM SATISFIED WITH THE ADVICE AND COUNSEL THEY HAVE GIVEN ME.** I recognize that if I have been told by my attorneys that I might receive probation or a light sentence, this representation is merely their opinion and that it is not binding on the [c]ourt or the District Attorney.

(Emphasis in original). Because Mapp did not include any supporting affidavits to show that but for counsel's errors, he would not have entered a guilty plea, and his sworn testimony is in direct contradiction to his claims of ineffective assistance, we find no error in the court's findings on this issue.

¶12. Accordingly, we affirm the court's judgment denying and dismissing Mapp's PCR motion.

¶13. **AFFIRMED.**

7

**CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR. WESTBROOKS, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. SMITH, J., NOT PARTICIPATING.**