# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00218-COA

**PAUL THOMPSON**                                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

DATE OF JUDGMENT:               02/02/2023
TRIAL JUDGE:                    HON. JAMES T. KITCHENS JR.
COURT FROM WHICH APPEALED:      OKTIBBEHA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         PAUL THOMPSON (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: SCOTT STUART
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 05/21/2024
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., GREENLEE AND WESTBROOKS, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     This appeal stems from the Oktibbeha County Circuit Court's order dismissing Paul

Thompson's fourth and fifth motions for post-conviction collateral relief (PCR) as time-

barred. Finding no error in the circuit court's decision, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Paul Thompson pled guilty to sexual battery of a child in the Oktibbeha County

Circuit Court on May 5, 2014. He was sentenced to twenty years in the custody of the

Mississippi Department of Corrections followed by five years of post-release supervision.

On December 15, 2017, Thompson filed a "Motion for State Writ" in the Sunflower County

Circuit Court, which was the county of his incarceration. He claimed that he was entitled to

have his conviction reversed and sentence vacated due to newly discovered evidence. The court treated the motion as one for post-conviction collateral relief (PCR) and dismissed the motion for lack of jurisdiction. This Court affirmed, holding that the proper jurisdiction was in the Oktibbeha County Circuit Court, which was the county of his conviction. *See Thompson v. Turner*, 294 So. 3d 678, 680 (¶5) (Miss. Ct. App. 2020).

¶3. In May 2017, Thompson filed a PCR motion in the Oktibbeha County Circuit Court claiming that his indictment was defective, his attorney had a conflict of interest and provided ineffective assistance of counsel, his guilty plea was not knowingly and intelligently entered, and his confession and statement to the police had been coerced. The circuit court dismissed his PCR motion, and this Court affirmed. *See Thompson v. State*, 344 So. 3d 299, 302 (¶12) (Miss. Ct. App. 2022).

¶4. Thompson filed a "Motion for State Writ" in the Oktibbeha County Circuit Court in June 2020, arguing ineffective assistance of counsel, insufficient evidence to support a guilty plea, and improper timing of arrest. On September 16, 2020, the circuit court denied his motion without a hearing, concluding that Thompson was fairly represented, that he entered a valid guilty plea, and that his allegation regarding the timing of his arrest was waived by his guilty plea.

¶5. In September 2022, Thompson filed a "Petition for Writ of Habeas Corpus," alleging a Fourteenth Amendment violation, a Fifth Amendment grand jury clause violation, a Fifth Amendment fair trial violation, and a Fifth Amendment self-incrimination violation. On December 7, 2022, the circuit court treated the filing as a PCR motion and held that it was

2

time-barred and failed to meet any of the statutory exceptions. Thompson filed an amended PCR motion on January 25, 2023, and another one on January 30, 2023.[1] The circuit court dismissed them for the same reasons that applied to the September 2022 PCR motion. Thompson is now appealing the rulings on both PCR motions.

## STANDARD OF REVIEW

¶6. "When reviewing a circuit court's denial or dismissal of a PCR motion, we will only disturb the circuit court's decision if it is clearly erroneous; however, we review the circuit court's legal conclusion under a de novo standard of review." *Tingle v. State*, 285 So. 3d 708, 710 (¶8) (Miss. Ct. App. 2019) (quoting *Williams v. State*, 228 So. 3d 844, 846 (¶5) (Miss. Ct. App. 2017)). "The petitioner bears the burden of showing he is entitled to relief by a preponderance of the evidence." *Williamson v. State*, 269 So. 3d 421, 424 (¶16) (Miss. Ct. App. 2018) (citing *Shavers v. State*, 215 So. 3d 502, 505 (¶7) (Miss. Ct. App. 2016)).

## DISCUSSION

¶7. The Uniform Post-Conviction Collateral Relief Act (UPCCRA) provides a statute of limitations for filing PCR motions and states that when a petitioner enters a guilty plea, he must file his PCR motion "within three (3) years after entry of the judgment of conviction." Miss. Code Ann. § 99-39-5(2) (Rev. 2020). The UPCCRA also provides that "any order dismissing the petitioner's motion or otherwise denying relief" requested in a PCR motion "shall be a bar to a second or successive [PCR] motion[.]" Miss. Code Ann. § 99-39-23(6) (Rev. 2020). "Mississippi statutory law grants each movant 'one bite at the apple when

---

[1] The motion that was filed on January 30, 2023, is not in the record; however, the record does contain the circuit court's order dismissing that particular motion.

3

requesting post-conviction relief.'" *Thomas v. State*, 355 So. 3d 287, 298 (¶25) (Miss. Ct. App. 2023) (quoting *Hayes v. State*, 282 So. 3d 1185, 1187 (¶8) (Miss. Ct. App. 2019)).

¶8.     In this appeal, the petitioner filed a fourth and fifth PCR motion on January 25, 2023, and January 30, 2023, respectively.  These motions were filed almost nine years after Thompson entered his guilty plea in May 2014.  Accordingly, his two current PCR motions are both untimely and successive.  However, the UPCCRA provides some exceptions to the statute of limitations and successive-motions bar.  *See* Miss. Code Ann. § 99-39-5(2) (providing exceptions to the three-year statute of limitations); *id*. § 99-39-23(6) (providing exceptions to the successive-motions bar).

¶9.     Thompson does not claim that any of these statutory exceptions apply to him.  Instead, he raises several issues that "fall within the judicially crafted 'fundamental-rights exception' to the bars." *Simoneaux v. State*, 359 So. 3d 665, 667 (¶7) (Miss. Ct. App. 2023).  However, the Mississippi Supreme Court overruled any precedent that held "the fundamental-rights exception can apply to the substantive, constitutional bars codified by the Legislature in the [UPCCRA]." *Howell v. State*, 358 So. 3d 613, 616 (¶12) (Miss. 2023).  Based on this holding by our Supreme Court, we conclude that Thompson does not assert any arguments to sufficiently overcome the UPCCRA litigation bars.

## CONCLUSION

¶10.    Because Thompson's PCR motions are both time-barred and successive, in accordance with the UPCCRA, we find no error with the Oktibbeha County Circuit Court's decision to deny the relief and dismiss the motions.  Thus, we affirm.

4

¶11.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**