762 So.2d 810 (2000)
Joe Nathan GREEN, Appellant,
v.
STATE of Mississippi, Appellee.
Nos. 1998-KA-01011-COA, 97-KA-00459-COA.
Court of Appeals of Mississippi.
June 27, 2000.
*811 M.A. Bass, Jr., Hazlehurst, Attorney for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
BEFORE McMILLIN, C.J., LEE, AND THOMAS, JJ.
LEE, J., for the Court:
¶ 1. Joe Nathan Green appeals his conviction and sixty year sentence for the crime of unlawful sale of cocaine within 1,500 feet of a school which he received in the Circuit Court of Copiah County. Green asserts the following issues in this appeal: (1) whether the court erred by not granting his motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, a motion for a new trial because the verdict was against the overwhelming weight of the evidence and was the result of bias, prejudice, and passion, and (2) whether the sentence of sixty years is tantamount to cruel and inhuman punishment and is a life sentence. Finding the second issue persuasive, we reverse and remand for resentencing.

FACTS
¶ 2. On January 5, 1997, Officer John Whitaker of the Copiah County Sheriff's Department, who also worked for the Mississippi Bureau of Narcotics as a special contract agent, met with a confidential informant to prepare for a drug purchase. This meeting was arranged due to a prior telephonic communication between Whitaker and the confidential informant. During their telephone conversation, the informant advised Whitaker that she could purchase drugs from Joe Green. Subsequently, she contacted Green by telephone and arranged to meet him at a predetermined place in order to exchange the *812 drugs and money. At the pre-buy meeting with Whitaker and others, the informant was wired and told to make contact with Green. Although there was conflicting testimony regarding the number of individuals present with Green at the time the informant purchased the drugs, the informant testified that she met with Green and two other individuals at a location which was within 1,500 feet of Crystal Springs Middle School. At this location, drugs and money were exchanged between the informant and Green. Thereafter, the informant met with Whitaker and gave him the drugs which were identified as crack cocaine. Green was indicted on March 7, 1997 and was tried before a jury for the sale of crack cocaine within 1,500 feet of a school on March 26, 1997. He was convicted and sentenced to serve sixty years in the Mississippi Department of Corrections. His motion for a JNOV or new trial was denied April 4, 1997. Feeling aggrieved, Green appeals his conviction.

DISCUSSION
In the interest of clarity, we combine Green's first two issues.

I. WHETHER THE EVIDENCE PRESENTED AT TRIAL WAS SUFFICIENT TO ESTABLISH THE CRIME OF SALE OF COCAINE WITHIN 1500 FEET OF A SCHOOL AND WHETHER THE JURY'S VERDICT WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.

A. Sufficiency of the Evidence
¶ 3. A challenge to the sufficiency of the evidence requires an analysis of the evidence by the trial judge to determine whether a hypothetical juror could find, beyond a reasonable doubt, that the defendant is guilty. May v. State, 460 So.2d 778, 781 (Miss.1984). If the judge determines that no reasonable juror could find the defendant guilty, then he must grant the motion for a directed verdict and JNOV. Id. If he concludes that a reasonable juror could find the defendant guilty beyond a reasonable doubt, then he must deny the motion. Id. This Court's scope of review is limited to the same examination as that of the trial court in reviewing the motions for directed verdict and JNOV; that is, if the facts point in favor of the defendant to the extent that reasonable jurors could not have found the defendant guilty beyond a reasonable doubt, viewing all facts in the light most favorable to the State, then it must sustain the assignment of error. Blanks v. State, 542 So.2d 222, 225-26 (Miss.1989). Of course, the opposite is also true. We may reverse the trial court's ruling only where one or more of the elements of the offense charged is lacking to such a degree that reasonable jurors could only have found the defendant not guilty. McClain v. State, 625 So.2d 774, 778 (Miss.1993).
¶ 4. Here, legally sufficient evidence existed to find Green guilty beyond a reasonable doubt. The State made out its prima facie case by putting into evidence the informant's and Officer Whitaker's testimonies which identified Green as the person who sold the crack cocaine. Further, Jason Alexis of the Mississippi Crime Lab, testified that the substance he examined was in fact crack cocaine. Lamar testified that she knew Green and that he and two other people she did not know came up to her automobile after she called him to make the buy. Lamar testified unequivocally that Green sold her the drugs. Officer Whitaker, who was listening to the drug purchase in a nearby car by virtue of a wire on Lamar, testified that it was Green's voice he heard discussing prices when the sale was made. Although Whitaker could not say with absolute certainty that it was Green's voice he heard on the tape, his testimony regarding his voice identification of Green bolstered the State's theory that Green was the dealer since Lamar testified that she not only saw Green make the deal, she also heard him do it. Since the State put forth sufficient, *813 credible evidence, the trial judge was required to leave the final decision of guilt or innocence to the jury. We affirm the trial judge's ruling with regard to the motion for a directed verdict.

B. Weight of the Evidence
¶ 5. The next motion we will review is that for a new trial. This goes to the weight of the evidence and not its sufficiency. In reviewing this claim, this Court must examine the trial judge's denial of Green's motion for a new trial. Jones v. State, 635 So.2d 884, 887 (Miss.1994). The decision of whether or not to grant a motion for a new trial rests in the sound discretion of the trial judge and should only be granted when the judge is certain that the verdict is so contrary to the overwhelming weight of the evidence that failure to grant the motion would result in an unconscionable injustice. May, 460 So.2d at 781. In making the determination of whether a verdict is against the overwhelming weight of the evidence, this Court must view all evidence in the light most consistent with the jury verdict, and we should not overturn the verdict unless we find that the lower court abused its discretion when it denied the motion. Veal v. State, 585 So.2d 693, 695 (Miss. 1991). The proper function of the jury is to decide the outcome in this type of case, and the court should not substitute its own view of the evidence for that of the jury's. Id. Likewise, the reviewing court may not reverse unless it finds there was an abuse of discretion by the lower court in denying the defendant's motion for a new trial. Id. Upon reviewing all of the evidence as noted by the facts of this case, even those that conflict, and when presented in the light most consistent with the verdict, we find that the trial judge did not abuse his discretion in denying Green's motion for a new trial. Accordingly, we dismiss this assignment of error as lacking in merit.

II. WHETHER THE SENTENCE OF SIXTY YEARS IS TANTAMOUNT TO CRUEL AND INHUMAN PUNISHMENT AND IS A LIFE SENTENCE
¶ 6. Sentencing is generally within the sound discretion of the trial judge and the trial judge's decision will not be disturbed on appeal if the sentence is within the term provided by statute. Davis v. State, 724 So.2d 342 (¶ 10) (Miss. 1998). The practical effect of this general rule is that a trial judge's sentencing decision has traditionally been treated as unreviewable so long as the sentence was within the statutory limits. As a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal. Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992).
¶ 7. Upon conviction for the sale of cocaine, a person may be sentenced to "not more than 30 years...." Miss.Code Ann. § 41-29-139(b)(1) (Supp.1999). Mississippi law provides several instances where a sentence for the sale of cocaine may be enhanced:
§ 41-29-142 (Rev.1993) (providing for discretionary sentencing of up to twice that authorized for sale of controlled substances within certain distances of schools, churches and other public buildings and locations);
§ 41-29-147 (Rev.1993) (providing for discretionary sentencing to term and/or fine of up to twice that authorized for second or subsequent drug conviction); § 99-19-81 (Rev.1994) (providing for mandatory maximum sentence without parole or probation for offenders who have been convicted twice previously of any felony or federal crime and who have been sentenced to separate terms of one year or more); and,
§ 99-19-83 (Rev.1994) (providing for mandatory life sentence without parole or probation for offenders convicted twice previously of any felony or federal crime who have been sentenced to separate terms of one year or more where any one of such felonies was a crime of violence).
In the present case, following the terms of § 41-29-142 (sales close to schools, *814 churches, etc.), the trial judge doubled Green's thirty year sentence given under § 41-29-139(b)(1), to sixty years.
¶ 8. Green argues that his sixty year sentence is excessive, constitutes cruel and unusual punishment and is extremely disproportionate to the crime committed, which in effect amounts to a life sentence. In reviewing Green's sentence, we examine the recent Mississippi Supreme Court cases of White v. State, 742 So.2d 1126 (Miss.1999) and Davis, 724 So.2d at 344. The facts of White and Davis are similar to the case at bar. In the present case, Green has no prior convictions and was sentenced to serve sixty years in prison.
¶ 9. In White, the supreme court discussed Miss.Code Ann. § 41-29-142 (enhanced penalties for the sale of a controlled substance within 1,500 feet of a church) and whether the maximum penalty could be considered cruel and unusual. The White court stated that the "Legislature wisely provided ... a broad range of sentences to allow trial judges, using their discretion, to issue appropriate sentences in each individual case. It is incumbent upon those trial judges to use this power wisely." White, 742 So.2d at (¶ 45). The Legislature has provided an array of possible sentences for those convicted of sale of cocaine. Id. at (¶ 48). As an appellate court, we are duty bound to insure this broad discretionary authority is properly utilized. Id.
¶ 10. The Davis case is also analogous to our analysis. Davis involved an instance where a twenty-five year old mother was sentenced to sixty years in prison for the sale of two-tenths of a gram of cocaine within 1,500 feet of a church. Davis, 724 So.2d at (¶ 10). Without a record which reflects egregious circumstances, this court will be concerned about the severity of the sentence. Id. at (¶ 10). The supreme court remanded for resentencing, finding there was insufficient evidence in the record to support the maximum sentence allowable under the statute. Id. at (¶ 15). In essence, the court set forth a requirement that the trial judge justify any sentence that appears harsh or severe for the charge, as in Green's case. Id. at (¶ 11).
¶ 11. Our review of the record reveals no attempt by the trial judge to explain his reasons for imposing the sixty year sentence. In fact, he denied Green's attempts to submit a presentencing report. Besides passing judgment, the trial court must properly utilize the broad discretionary authority granted to it and must, in the interest of judicial fairness and efficiency, state specific reasons for sentences. Since the record is void of any reasoning behind the sixty year sentence in Green's case, and in light of White and Davis, we remand this case for consideration of sentence.
¶ 12. THE JUDGMENT OF THE COPIAH COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF COCAINE WITHIN 1500 FEET OF A SCHOOL AND SENTENCE OF SIXTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE TAXED TO COPIAH COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.