MYERS, J.,
for the court.
¶ 1. Joe Nathan Green was convicted of selling crack cocaine within fifteen hundred feet of a school. He was originally sentenced to sixty years’ imprisonment. This Court affirmed his conviction but remanded to .the trial court for reconsideration of sentence. Green was re-sentenced to thirty years’ imprisonment, with twelve years suspended with five years on post-release supervision and an $18,000 fine. Green asserts the following issue in this appeal:
1. WHETHER THE RECONSIDERED SENTENCE OF THIRTY YEARS IS TANTAMOUNT TO CRUEL AND INHUMAN PUNISHMENT AND IS A LIFE SENTENCE.
STATEMENT OF FACTS
¶ 2. These facts were taken from the opinion of this Court in Green’s first appeal. Green v. State, 762 So.2d 810 (Miss.Ct.App.2000).
¶ 3. On January 5, 1997, Officer John Whitaker of the Copiah County Sheriffs Department, who also worked for the Mississippi Bureau of Narcotics as a special contract agent, met with a confidential informant to prepare for a drug purchase. This meeting was arranged due to a prior telephonic communication between Whitaker and the confidential informant. During their telephone conversation, the informant advised Whitaker that she could purchase drugs from Joe Green. Subse *726 quently, she contacted Green by telephone and arranged to meet him at a predetermined place in order to exchange the drugs and money. At the pre-buy meeting with Whitaker and others, the informant was wired and told to make contact with Green. Although there was conflicting testimony regarding the number of individuals present with Green at the time the informant purchased the drugs, the informant testified that she met with Green and two other individuals at a location which was within 1,500 feet of Crystal Springs Middle School. At this location, drugs and money were exchanged between the informant and Green. Thereafter, the informant met with Whitaker and gave him the drugs which were identified as crack cocaine.
¶4. Green was indicted on March 7, 1997, and was tried before a jury for the sale of crack cocaine within 1,500 feet of a school on March 26,1997. He was convicted and sentenced to serve sixty years in the custody of the Mississippi Department of Corrections. His motion for a JNOV or new trial was denied April 4, 1997. Green appealed his conviction and sentence. The trial court used the authority granted in Miss.Code Ann. § 41-29-142 (Rev. 1993) to double Green’s possible sentence of thirty years under Miss.Code Ann. § 41-29-139(b)(1) (Supp.1999) to a sixty-year sentence. This Court affirmed his conviction but reversed and remanded for reconsideration of sentence because of an absence of reasons for the enhanced sentence in the record..
LEGAL ANALYSIS
1. WHETHER THE RECONSIDERED SENTENCE OF THIRTY YEARS IS TANTAMOUNT TO CRUEL AND INHUMAN PUNISHMENT AND IS A LIFE SENTENCE.
¶ 5. Sentencing is generally within the sound discretion of the trial judge and the trial judge’s decision will not be disturbed on appeal if the sentence is within the term provided by statute. Davis v. State, 724 So.2d 342, 344(¶ 10) (Miss.1998). In most instances, this means that a trial judge’s sentencing decision has traditionally been treated as not reviewable so long as the sentence was within the statutory limits. As a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal. Wallace v. State, 607 So.2d 1184, 1188 (Miss.1992).
¶ 6. Green’s primary argument is that he received a longer sentence after a jury trial than others received by plea bargaining, thus punishing him for exercising his right to a trial. The trial judge was authorized to sentence Green to a longer sentence than Green received. Green offers no evidence that his sentence was done to punish him for exercising his right to a jury trial; therefore, this argument fails.
¶ 7. Green also argues that his sentence is of a character that “shocks the general consciousness or be intolerable to fundamental fairness.” Green offers only that the length would subject him to overcrowding and unsanitary conditions and make him a victim of physical attacks while imprisoned. Without proof, this does not rise to the level that would shock our conscience.
¶ 8. Green also comments upon the theory that because of his age, the sentence he received was tantamount to a life sentence thus requiring a bifurcation of the trial and sentencing phase as is done in capital offense cases. Green offers that his life expectancy, now probably shortened due to imprisonment, negates any possibility that he will ever be a free man. While it is terrible that older individuals are com *727 mitting such crimes, we can not say that older individuals deserve a break from the criminal justice system. To do so would destroy the fabric of equality in justice on which our legal system is founded. In addition, we do not know how long Green may live. He may serve his time and live for many years after that.
¶ 9. We sent this case back to the trial court because we in essence have created a requirement that the trial judge justify any sentence that seems too harsh. Green, 762 So.2d at 810(¶ 10); Davis, 724 So.2d at 344(¶ 10). After a review of the record, the trial judge made very specific comments about the problems that drugs have caused in America. The trial judge also made comments about the age of Green, Green’s possible rehabilitation, and the lack of previous criminal offenses by Green. We disagree with Green’s assertion that this is cruel and inhuman punishment and that this is a life sentence.
CONCLUSION
¶ 10. Green’s original appeal was remanded for the trial judge to make a proper determination on the record of why Green’s sentence was enhanced. The trial judge used the opportunity to explain his reasoning for the length of sentence imposed. Green’s earlier appeal decision did not mandate that his earlier sentence was too long, just that the reasons for the length needed to be stated. The legislature authorized the trial judges to sentence individuals like Green to these lengths for these crimes.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF COPIAH COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THE APPEAL ARE ASSESSED TO COPIAH COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, AND CHANDLER, JJ„ CONCUR.
GRIFFIS, J., NOT PARTICIPATING.