# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CP-01809-COA

JOHN H. LOFTON A/K/A JOHN HENRY                              APPELLANT
LOFTON A/K/A JOHN LOFTON

v.

STATE OF MISSISSIPPI                                          APPELLEE

DATE OF JUDGMENT:               11/13/2015
TRIAL JUDGE:                    HON. LEE J. HOWARD
COURT FROM WHICH APPEALED:      OKTIBBEHA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         JOHN H. LOFTON (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: LISA L. BLOUNT
NATURE OF THE CASE:             CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:        DISMISSED MOTION FOR
                                POSTCONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 06/06/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., BARNES AND WESTBROOKS, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     John H. Lofton appeals the Oktibbeha County Circuit Court's summary dismissal of

his motion for postconviction relief (PCR).  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On July 13, 1993, Lofton was indicted by an Oktibbeha County grand jury on one

count of aggravated assault, one count of kidnapping, and three counts of capital rape.  On

October 22, 1993, Lofton pleaded guilty to the aggravated-assault charge, the kidnapping

charge, and one of the capital-rape charges.  The two remaining capital-rape charges were

retired in exchange for his guilty plea. The trial court accepted and entered Lofton's guilty plea, and then sentenced Lofton to twenty years for aggravated assault, twenty years for kidnapping, and life imprisonment for capital rape. The assault sentence was ordered to run consecutively to the life sentence, and the kidnapping sentence was ordered to run concurrently with the other sentences.

¶3. In October 2015, Lofton filed a PCR motion with the circuit court. Lofton's PCR motion claimed that the trial court did not have the authority to sentence him to life imprisonment for the rape conviction under Mississippi Code Annotated section 97-3-65(2) (Rev. 1993). The circuit court dismissed Lofton's PCR motion without an evidentiary hearing, finding that Lofton was properly sentenced under section 97-3-65(1)—the subsection under which Lofton pleaded guilty. Lofton now appeals.

## STANDARD OF REVIEW

¶4. "This Court employs the clearly-erroneous standard of review when reviewing a trial court's summary dismissal of a PCR motion." *Carter v. State*, 204 So. 3d 791, 793 (¶5) (Miss. Ct. App. 2016) (quoting *Jones v. State*, 174 So. 3d 902, 905 (¶8) (Miss. Ct. App. 2015)). "When questions of law are raised, however, this Court employs a de novo standard of review." *Id.* "If it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified." *Id.* (quoting Miss. Code Ann. § 99-39-11(2) (Rev. 2015)).

## DISCUSSION

2

¶5. Lofton argues that his sentence of life imprisonment for capital rape is illegal. For support, he cites Mississippi Code Annotated section 97-3-65(2) (Rev. 1993), which at the time of his conviction read, in pertinent part, that a person convicted under subsection (2)

> shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.

Thus, Lofton argues that the statute did not permit the court on its own, without a jury, to impose a life sentence. However, section 97-3-65(2) does not apply to Lofton.

¶6. Our review of the record shows that Lofton was indicted and pleaded guilty to a violation of section 97-3-65(1), as the circuit court noted in its order denying Lofton's PCR motion. At the time of Lofton's guilty plea and sentencing, section 97-3-65(1) read as follows: "Every person eighteen (18) years of age or older who shall be convicted of rape by carnally and unlawfully knowing a child under the age of fourteen (14) years, upon conviction, *shall be sentenced to death or imprisonment for life in the State Penitentiary . . . .*" (Emphasis added). As such, the trial court did not err when it imposed a life sentence for the capital-rape conviction. Furthermore, a plain reading of the statute shows that the trial court was without authority to impose a sentence less than life imprisonment. Accordingly, Lofton's illegal-sentence argument fails, and the circuit court did not err when it denied Lofton's PCR motion. This issue is without merit.

¶7. **THE JUDGMENT OF THE OKTIBBEHA COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR, WILSON,**

**GREENLEE AND WESTBROOKS, JJ., CONCUR.**