# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CA-00224-COA

DENNIS LAWRENCE SMITH                                                        APPELLANT

v.

STATE OF MISSISSIPPI                                                          APPELLEE

DATE OF JUDGMENT:                    01/12/2018
TRIAL JUDGE:                         HON. WILLIAM E. CHAPMAN III
COURT FROM WHICH APPEALED:           RANKIN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:             ANGELA YLONA COCKERHAM
                                     CHARLES EDWARD COWAN
ATTORNEY FOR APPELLEE:               OFFICE OF THE ATTORNEY GENERAL
                                     BY: BILLY L. GORE
NATURE OF THE CASE:                  CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                         AFFIRMED - 07/16/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE BARNES, C.J., McDONALD AND C. WILSON, JJ.

### McDONALD, J., FOR THE COURT:

¶1.     Dennis Lawrence Smith was sentenced to serve sixty years in the custody of the

Mississippi Department of Corrections (MDOC) after he pleaded guilty to three counts of

the sale of cocaine with the subsequent offender enhancement. Smith filed a post-conviction

collateral relief (PCR) motion pursuant to Mississippi Code Annotated section 99-39-5 (Rev.

2015), arguing that his sentence was disproportionate to the crime and constituted cruel and

unusual punishment. The circuit court summarily dismissed Smith's motion without an

evidentiary hearing. Smith appeals that dismissal. In addition to the issues raised in his PCR

motion, on appeal he argues for the first time that (1) his sentence amounts to a life sentence

under the circumstances and (2) there was no evidence of a 1999 Rankin County conviction of possession of a controlled substance subjecting him to an enhanced punishment. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Smith was indicted in the Rankin County Circuit Court on or about August 15, 2013, on seven counts of violating Mississippi Code Annotated section 41-29-139 (Rev. 2013).[1] The indictment alleged that Smith was subject to an enhanced punishment pursuant to Mississippi Code Annotated section 41-29-147 (Rev. 2013) because he had previously been convicted for possession of a controlled substance in the Rankin County Circuit Court (Cause Number 10931) on August 23, 1999.

¶3.     On November 18, 2013, during Smith's plea and sentencing hearing, the court discussed the elements of the crimes Smith pleaded guilty to:

| Court: | Now, this is a multi-count indictment. What counts is he pleading to? |
| --- | --- |
| Mayes:[2] | He's pleading to 1, 3, and 4, with the subsequent offender enhancement, Your Honor. |
| | . . . . |
| Court: | All right. In relation to Count 1, the elements are on or about February 10th, 2013, in Rankin County, Mississippi, you did willfully, unlawfully, feloniously, knowingly, and intentionally sale, deliver, or transfer a quantity of cocaine to a person at a |

---

[1] Smith was indicted on five counts of the sale of cocaine, one count of the sale of marijuana, and one count of possession of a controlled substance in violation of Mississippi Code Annotated section 41-29-139, over the course of several months in Spring 2013.

[2] Mayes was the prosecutor for the State at the time of the hearing.

> time when you had been previously convicted of possession of a controlled substance in Rankin County Cause No. 10931 on or about August 23, 1999, and therefore subject to enhanced punishment as a second or subsequent drug offender. Do you understand those elements?

Smith:   Yes, sir.

The court addressed the elements in relation to each count Smith pleaded guilty to. Smith admitted to the 1999 conviction as to the other two counts as well. In addition, Smith agreed with the factual basis which subjected him to an enhanced punishment:

> Mayes:   The State would further prove that this defendant was convicted of possession of a controlled substance in the Circuit Court of Rankin County in Cause No. 10931 on or about August the 23rd of 1999, and as a result, is subject to enhanced punishment as a second or subsequent offender under the Uniform Controlled Substance Law.
>
> Court:   Do you have any disagreement with the factual basis?
>
> Smith:   No, sir.
>
> Court:   Mr. Houston, do you have any disagreement with the factual basis?
>
> Houston:[3]   No, Your Honor.

¶4.   Smith proceeded to plead guilty to three counts of the sale of cocaine as a subsequent offender. The circuit court sentenced Smith to serve a term of sixty years in the custody of the MDOC and to be released after serving fifty years for Count I and one day for Count III

---

[3] Houston was Smith's attorney at the time of the hearing.

3

and Count IV.[4] After the court sentenced Smith, there were no objections or disputes. Smith's attorney only requested that Smith be sentenced after the holidays without detailing a purpose for the request.[5] The court asked if there was "anything further" and Smith's attorney responded, "[N]o, your honor." The court responded, "All right. Well good luck, Mr. Smith." Then, the hearing concluded.

¶5.     On November 17, 2016, Smith filed a PCR motion arguing that his sentence was in violation of the United States Constitution *or* the Mississippi Constitution because it was (1) disproportionate to the crime and (2) constituted cruel and unusual punishment.[6]

¶6.     On January 12, 2018, the circuit court ruled that it plainly appeared from the face of Smith's motion that he was not entitled to any relief; therefore, the court dismissed his motion pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev. 2015).[7] There was not an evidentiary hearing on Smith's PCR motion.

¶7.     Smith timely filed his notice of appeal on February 12, 2018. On appeal, Smith argues that the circuit court failed to consider the totality of the circumstances of his crimes and the

---

[4] Upon Smith's release, he was to serve a term of five years on post release supervision. The court also ordered Smith to pay court costs, fees and assessments, and a fine.

[5] During the hearing, Smith offered no evidence that he was 49 years old and that his sentence equated a life sentence.

[6] Again, Smith did not attach any evidence to prove or suggest that his sentence equated a life sentence.

[7] Mississippi Code Annotated section 99-39-11(2) states, "[I]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified."

4

circumstances of his past behaviors when dismissing his PCR motion. For the first time, Smith argues that his sentence is grossly disproportionate because it amounts to a life sentence under the circumstances and that there was no evidence of a Rankin County conviction of possession of a controlled substance subjecting him to an enhanced punishment.

## STANDARD OF REVIEW

¶8.     "The trial court has 'considerable discretion' in determining whether to grant an evidentiary hearing." *Elliott v. State*, 41 So. 3d 701, 709 (¶25) (Miss. Ct. App. 2009)*.* It is not a requirement that every PCR motion be afforded a full adversarial hearing by the trial-level court. *Id.* at 709 (¶25). A trial-level court may summarily dismiss a post-conviction relief motion "[i]f it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to any relief. . . ." *Lofton v. State*, 233 So. 3d 907, 908 (¶9) (Miss. Ct. App. 2017), *reh'g denied* (Dec. 12, 2017), *cert. dismissed*, 246 So. 3d 68 (Miss. 2018) (quoting *Carter v. State*, 204 So. 3d 791, 793 (¶5) (Miss. Ct. App. 2016)); Miss. Code Ann. § 99-39-11(2) (Rev. 2015). "This Court employs the clearly-erroneous standard of review when reviewing a trial court's summary dismissal of a PCR motion." *Lofton*, 233 So. 3d at 908 (¶9) (quoting Miss. Code Ann. § 99-39-11(2)). This Court will affirm a summary dismissal of a defendant's PCR motion "if [he] fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right." *Moore v. State*, 248 So. 3d 845, 848 (¶7) (Miss. Ct. App. 2017), *reh'g denied* (Apr. 10, 2018), *cert. denied*, 247 So. 3d 1264 (Miss. 2018). When questions of law are raised,

5

however, this Court employs a de novo standard of review. *Lofton*, 233 So. 3d at 908 (¶9).

## DISCUSSION

¶9. The State argues that Smith's claim is procedurally barred because he waived his rights when he did not object or raise any issues during his guilty plea and sentencing hearing. But the Supreme Court has held "that the errors affecting fundamental rights are exceptions to the rule that questions not raised in the trial court cannot be raised for the first time on appeal." *Smith v. State*, 477 So. 2d 191, 195 (Miss. 1985).[8] This Court has found that the following four types of fundamental rights survive PCR procedural bars: "(1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right not to be subject to ex post facto laws." *Putnam v. State*, 212 So. 3d 86, 92 (¶16) (Miss. Ct. App. 2016). But this is not an exhaustive list. The recent case of *McCoy v. State* illustrates that "ineffective assistance of counsel can constitute an exception to the waiver and successive-writ bars." *McCoy v. State*, No. 2017-M-01735, 2019 WL 1578752, at *1 (Miss. Mar. 26, 2019). But "mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *White v. State*, 59 So. 3d 633, 636 (¶11) (Miss. Ct. App. 2011). "There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Id*. Because Smith alleges an illegal sentence, his claim is not procedurally barred for failure to raise it at his guilty plea and sentencing hearing.

---

[8] *See also Brooks v. State*, 46 So. 2d 94, 97 (Miss. 1950) ("Constitutional rights in serious criminal cases rise above mere rules of procedure. Errors affecting fundamental rights are exceptions to the rule that questions not raised in the trial court cannot be raised for the first time on appeal.").

¶10. Smith argues that his claim fits within the illegal sentence exception because his sentence (1) constituted cruel and unusual punishment under the Eighth Amendment and Section 28 of the Mississippi Constitution, and (2) it was disproportionate to the crime. We disagree.

### a. Cruel and Unusual Punishment

¶11. In *Hampton*, the Supreme Court expressly held:

> "[S]entencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." [*Cox v. State*, 793 So. 2d 591, 599 (¶38)] (quoting *Hoops v. State*, 681 So. 2d 521, 533 (Miss. 1996))[;] [*s]ee also Ellis v. State*, 326 So. 2d 466, 468 (Miss. 1976); *Ainsworth v. State*, 304 So. 2d 656 (Miss. 1974); and *Boone v. State*, 291 So. 2d 182 (Miss. 1974). Furthermore, we have held that a "sentence within the limits of the statute is not cruel or unusual." *Clanton v. State*, 279 So. 2d 599, 602 (Miss. 1973); *Green v. State*, 270 So. 2d 695 (Miss. 1972).

> "[A] sentence is not illegal unless it exceeds the maximum statutory penalty for the crime." *Grayer*, 120 So. 3d [964,] 969 [(¶16) (Miss. 2013)].

*Hampton v. State*, 148 So. 3d 992, 996 (¶¶11-12) (Miss. 2014).

¶12. In the case at bar, Smith's sentence is not cruel or unusual because it did not exceed the maximum statutory penalty. Section 41-29-139(b)(1)(C) requires a sentence for "not less than five (5) years nor more than thirty (30) years," and section 41-29-147 allows "any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized." Therefore, a sentence of 60 years for three counts under section 41-29-139 (b)(1)(C) subject to the enhancement statute did not exceed the maximum statutory penalty, which could have been 180 years.[9]

---

[9] During Smith's hearing he indicated that he understood what he was pleading guilty to:

b.    *Gross Disproportionality*

¶13.    The only exception for a party seeking relief who cannot show that his/her sentence exceeds the statutory penalty is "proof of gross disproportionality." *Willis v. State*, 911 So. 2d 947, 951 (¶16) (Miss. 2005). "The Eighth Amendment's prohibition on cruel and unusual punishment protects citizens from disproportionately lengthy sentences." *Brown v. State*, 130 So. 3d 1074, 1080 (¶18) (Miss. 2013). Smith argues that his sentence is disproportionate to the crime for which he was convicted. There is a two-step process to determine whether a

Q.    You understand the maximum sentence of 30 years is doubled to 60 years?

A.    Yes, sir.

. . . .

Q.    And do you understand I could impose those maximum and minimum fines and sentences for the three counts that you're pleading guilty to?

A.    Yes, sir.

. . . .

Q.    And I could order that you serve 60 years on each count, that is 1, 2 and – excuse me – 1, 3, and 4 consecutive, subjecting you to a total maximum sentence of 180 years in the penitentiary?

A.    Yes, sir.

. . . .

Q.    Do you understand the Court is not bound by the plea bargain agreement but could impose the maximum sentence under all three counts consecutively, subjecting you to that 180-year sentence that I discussed with you earlier?

A.    Yes, sir.

lengthy sentence is unconstitutional. "First, the person seeking relief must show that the sentence itself leads to an inference of 'gross disproportionality.'" *Id*. (citing *Nichols v. State*, 826 So. 2d 1288, 1290 (Miss. 2002)). "Generally, sentences that do not exceed the maximum punishment allowed by statute will not be considered grossly disproportionate and will not be disturbed on appeal, but in some circumstances, proportionality review of sentences is required." *Id*.; *Hoops v. State*, 681 So. 2d 521, 537 (Miss. 1996).

¶14.    Second, if an inference if gross disproportionality is shown, the United States Supreme Court has set out several factors in determining whether a sentence is disproportionate: "(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions." *Willis*, 911 So. 2d at 951 (¶17) (citing *Solem v. Helm*, 463 U.S. 277, 292-94 (1983)). The United States Supreme Court also requires that all three factors be presented by a defendant when determining the disproportionality of a sentence. *Id*. at (¶18). Here, Smith failed to address the third *Solem* factor in his brief. In *Willis*, our supreme court found that failure to address one of the abovementioned factors bars the claim:

> Upon a careful reading of Willis's brief, we conclude that Willis did not address the third prong of the *Solem* inquiry (the sentences imposed for commission of the same offense in other jurisdictions). This failure to address all the *Solem* factors bars Willis's claim on appeal.

*Willis*, 911 So. 2d at 951 (¶18).

¶15.    As did Willis, Smith has failed to address the sentences imposed for commission of the same crime in other jurisdictions; therefore, his gross disproportionality claim is barred

9

on appeal.

¶16.    Despite this bar, even if Smith addressed the third *Solem* prong—the sentences imposed for commission of the same crime in other jurisdictions—his gross disproportionality argument is still without merit.  Smith argues that his sentence is grossly disproportionate because this case is akin to that of *Davis v. State*, 724 So. 2d 342 (Miss. 1998); *White v. State*, 742 So. 2d 1126, 1129 (¶1) (Miss. 1999); and *Green v. State*, 762 So. 2d 810, 812 (¶2) (Miss. Ct. App. 2000).  We disagree.

¶17.    Davis was convicted for selling cocaine within 1,500 feet of a church and sentenced to sixty years, in violation of Mississippi Code Annotated sections 41-29-139 and -142 (Rev. 1993).  *Davis*, 724 So. 2d at 342-43 (¶1).  She was a first time offender, yet she received the maximum sentence allowed under both statutes.  *Id*. at 344 (¶¶8-9).  The supreme court remanded the case for re-sentencing because it did not have enough information before it to determine if the trial court abused its discretion.  *Id*. at 346 (¶17).  Similarly, White was indicted for unlawful sale of cocaine within 1,500 feet of a church for his sale of $40 worth of crack cocaine to a confidential informant.  *White*, 742 So. 2d at 1129 (¶1). The court sentenced White to the maximum sentence of sixty years.  *Id*.  White had no prior convictions for drug-related offenses.  *Id*. at 1136 (¶38).  The supreme court vacated White's sentence finding that there was nothing in the record to justify the sixty-year sentence.  *Id*. at 1137 (¶46).  Lastly, Green was also a first time offender that was convicted for selling crack cocaine within 1,500 feet of a school.  *Green v. State*, 762 So. 2d at 812 (¶2) (Miss. Ct. App. 2000).  Green was sentenced to serve sixty years.  *Id*.  This court remanded *Green* for

10

consideration of the sentence in light of *White* and *Davis*. *Green*, 762 So. 2d at 814 (¶11).

¶18.    We find that *Davis*, *White*, and *Green* are distinguishable to the case at bar.  Here, Smith pleaded guilty to **three** counts of selling cocaine under section 41-29-139(b)(1)(C) and received a sixty-year sentence, as did the abovementioned appellants for their **one**-count convictions.  Unlike the appellants in *Davis*, *White*, and *Green*, Smith was a subsequent drug offender, yet he was not sentenced to the statutory maximum.

¶19.    This case analogous to that of *Mosley v. State*, 104 So. 3d 839 (Miss. 2012).  In that case, the jury found Mosley guilty on one count of selling cocaine, one count of selling methamphetamine, and one count of selling marijuana.  *Id*. at 840 (¶6).  The court sentenced him as a subsequent drug offender, and he received sixty-year sentences for the first two counts and a six-year sentence for the third count.  *Id*. at 841 (¶7).  The trial court set these sentences to run consecutively to one another, for a total of 126 years in the custody of the MDOC, without the benefit of probation or early release.  *Id*.  On appeal, Mosley argued that his 126-year sentence was "disproportionate to the crimes he committed and violat[ed] his constitutional protections against cruel and unusual punishment."  *Id*. at 840 (¶1). The Supreme Court found that there was no inference of gross disproportionality because his sentence was clearly within the statutory limits and affirmed the trial court's 126-year sentence.  *Id*. at 842 (¶11).

¶20.    Here, the circuit court correctly noted during Smith's sentencing hearing that he could have received a maximum of 30 years on each count he pleaded guilty to.  In addition, the sentence for each count could have been doubled under the enhancement statute.  Therefore,

11

Smith could have been sentenced up to 180 years pursuant to section 41-29-139(b)(1)(C) and section 41-29-147. Therefore, there is no inference of gross disproportionality and no proportionality analysis is required. *See Mosley*, 104 So. 3d at 841-42 (¶¶ 9-11).

¶21. Accordingly, we find that Smith's gross disproportionality claim is without merit.

## CONCLUSION

¶22. Because there were no reversible errors, the circuit court's summary dismissal is affirmed.

¶23. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**