# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00309-COA

JOHN H. LOFTON A/K/A JOHN HENRY                      APPELLANT
LOFTON A/K/A JOHN LOFTON

v.

STATE OF MISSISSIPPI                                          APPELLEE

DATE OF JUDGMENT:              12/31/2019
TRIAL JUDGE:                   HON. LEE J. HOWARD
COURT FROM WHICH APPEALED:     OKTIBBEHA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        JOHN H. LOFTON (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY:  BARBARA WAKELAND BYRD
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 03/16/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE CARLTON, P.J., GREENLEE AND McDONALD, JJ.

### CARLTON, P.J., FOR THE COURT:

¶1.     In 1993, John H. Lofton pleaded guilty to certain aggravated-assault, kidnapping, and capital-rape charges against him. In 2015, the Oktibbeha County Circuit Court dismissed Lofton's first motion for post-conviction relief (PCR), which this Court affirmed. Based upon Lofton's guilty plea, the circuit court dismissed Lofton's second PCR motion in which Lofton requested DNA testing. Lofton appeals, asserting that his request for DNA testing should not have been dismissed even though he pleaded guilty to certain charges against him. Lofton also asserts that this, his second PCR motion, is not time-barred or barred as a successive motion. Although we disagree with the circuit court's reasoning for the dismissal,

the right result was reached, and the judgment is affirmed.

## PROCEDURAL HISTORY AND FACTS

¶2. In July 1993, Lofton was indicted by an Oktibbeha County grand jury for one count of aggravated assault, one count of kidnapping, and three counts of capital rape. In October 1993, Lofton pleaded guilty to the aggravated-assault charge, the kidnapping charge, and one of the capital-rape charges. The two remaining capital-rape charges were retired in exchange for his guilty plea. The circuit court accepted and entered Lofton's guilty plea, and in its order entered on October 22, 1993, the court sentenced Lofton to twenty years for aggravated assault, twenty years for kidnapping, and life imprisonment for capital rape, all to be served in the custody of the Mississippi Department of Corrections (MDOC). The circuit court ordered the aggravated-assault sentence to run consecutively to the life sentence, and the kidnapping sentence was ordered to run concurrently with the other sentences.

¶3. In October 2015, Lofton filed a PCR motion with the circuit court, asserting that the trial court did not have the authority to sentence him to life imprisonment for the rape conviction under Mississippi Code Annotated section 97-3-65(2) (Supp. 1993). *Lofton v. State*, 233 So. 3d 907, 907-08 (¶3) (Miss. Ct. App. 2017). "The circuit court dismissed Lofton's PCR motion without an evidentiary hearing, finding that Lofton was properly sentenced under section 97-3-65(1)—the subsection under which Lofton pleaded guilty." *Id.* at 908 (¶3). This Court affirmed the circuit court's dismissal of Lofton's PCR motion. *Id.* at 908 (¶6).

2

¶4. In December 2019, Lofton filed another PCR motion, re-asserting that his sentence was unlawful and also asking the circuit court to order DNA testing of the rape kit that was collected in his case. The circuit court entered its order denying Lofton's request on December 31, 2019. Citing *Young v. State*, 797 So. 2d 239 (Miss. Ct. App. 2001), the circuit court found that Lofton "waived his right to a jury trial and the necessity that the State present evidence proving each element of the [offense]" when he pleaded guilty. With permission from the circuit court, Lofton filed an out-of-time notice of appeal on March 20, 2020.

¶5. In his appellant's brief, Lofton asserts that he was entitled to the DNA testing he requested even though he pleaded guilty. Lofton also asserts that his PCR motion is excepted from the procedural bars under Mississippi's Uniform Post-Conviction Collateral Relief Act (UPCCRA). In response to Lofton's assertions, the State asserts that the circuit court did not err in dismissing Lofton's PCR motion because Lofton had failed to present any evidence to show that DNA evidence ever existed or that his DNA still existed, as required by Mississippi Code Annotated section 99-39-5(2)(a)(ii) (Rev. 2015). *See also* Miss. Code Ann. § 99-39-9(1)(d) (Rev. 2015).

¶6. Lofton filed a reply brief on October 1, 2020. For the first time, Lofton included an exhibit containing the results of the DNA testing that was conducted in his case in 1993 prior to the entry of his guilty pleas.

**STANDARD OF REVIEW**

3

¶7. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's decision if the trial court abused its discretion and the decision is clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Green v. State*, 242 So. 3d 176, 178 (¶5) (Miss. Ct. App. 2017).

## DISCUSSION

¶8. Lofton asserts that under section 99-39-5(2)(a)(ii) he was entitled to the DNA testing he requested in the trial court even though he pleaded guilty. He also asserts that his PCR motion is not procedurally barred. We combine both issues in our discussion below.

¶9. Lofton pleaded guilty in October 1993. He filed his PCR motion in December 2019. Unless an exception applies, his PCR motion is time-barred because it was filed well after the three-year statute of limitations set forth in section 99-39-5(2). We address Lofton's appeal on the merits to determine whether he meets an exception to this procedural bar.[1]

¶10. Pursuant to section 99-39-5(2)(a)(ii) of the UPCCRA, *even with respect to prisoners*

---

[1] Because this is Lofton's second PCR motion, it is also barred as a successive motion under section 99-39-23(6) unless an exception applies. Relevant to the circumstances in this case, section 99-39-23(6) excepts from the successive-writ bar "those cases in which the petitioner *has filed a prior petition and has requested DNA testing under this article*, provided the petitioner asserts new or different grounds for relief related to DNA testing not previously presented or the availability of more advanced DNA technology." Miss. Code Ann. § 99-39-23(6) (emphasis added). In this case, Lofton never filed a "prior [PCR] petition" in which he "requested DNA testing." Lofton, for the first time, requested DNA testing in the subject PCR motion, and we therefore find that it is not barred as a successive motion. *Cf. Green v. State*, 294 So. 3d 634, 636 (¶8) (Miss. Ct. App. 2019) (finding that defendant's request for DNA testing was barred as a successive motion where defendant "present[ed] the *same* claim [regarding DNA testing] that this Court rejected just two years ago") (emphasis added), *cert. denied*, 291 So. 3d 1111 (Miss. 2020).

4

*who plead guilty*, like Lofton in this case, a party is entitled to DNA testing if

> there exists biological evidence not tested, or, if previously tested, that can be
> subjected to additional DNA testing that would provide a reasonable likelihood
> of more probative results, and that testing would demonstrate by reasonable
> probability that the petitioner would not have been convicted or would have
> received a lesser sentence if favorable results had been obtained through such
> forensic DNA testing at the time of the original prosecution.

Miss. Code Ann. § 99-39-5(2)(a)(ii).

¶11. Motions brought under this section are excepted from the three-year time-bar, but only where "the petitioner can demonstrate" that there is DNA evidence to test and that the results of the testing would produce a more favorable result. Miss. Code Ann. § 99-39-5(2)(a)(ii); *see Green*, 242 So. 3d at 179 (¶10) (defendant's request for DNA testing time-barred where defendant "failed to show how a different testing method would produce more probative results than the method originally used"); *see also Green*, 294 So. 3d at 636 (¶7); *Pickle v. State*, 203 So. 3d 753, 757 (¶¶9-13) (Miss. Ct. App. 2016) (affirming circuit court's dismissal of defendant's request for DNA testing when, among other reasons, defendant could not show such DNA evidence existed).

¶12. Section 99-39-9(1)(d) of the UPCCRA sets forth the requisite contents of a PCR motion. With respect to the requirements for requests made under section 99-39-5 regarding DNA testing, section 99-39-9(1)(d) requires that the movant provide

> a statement that there exists a reasonable probability that the petitioner would
> not have been convicted or would have received a lesser sentence if favorable
> results had been obtained through DNA testing at the time of the original
> prosecution; that the evidence to be tested was secured in relation to the
> offense underlying the challenged conviction and (i) was not previously

5

subjected to DNA testing, or (ii) although previously subjected to DNA testing, can be subjected to additional DNA testing that provides a reasonable likelihood of more probative results; and that the chain of custody of the evidence to be tested established that the evidence has not been tampered with, replaced or altered in any material respect or, if the chain of custody does not establish the integrity of the evidence, that the testing itself has the potential to establish the integrity of the evidence.

Miss. Code Ann. § 99-39-9(1)(d) (Supp. 2009).

¶13.    In his reply brief, Lofton attaches as an exhibit the results of the DNA testing in his case.  The report, which was not included in the record on appeal, dates back to June 28, 1993, and shows that DNA testing was conducted and that Lofton was "included as a possible source of the seminal fluid identified in [the vaginal swab of the victim's rape kit]."

¶14.    We cannot consider evidence not contained in the record. *Brooks v. State*, 832 So. 2d 607, 609 (¶6) (Miss. Ct. App. 2002).  Even if we were to review this report, it reflects that DNA testing was conducted on June 28, 1993.  Although this DNA evidence existed in June 1993, there is no evidence in the record that the DNA evidence exists now.  We recognize that the Mississippi Legislature enacted a procedure for the preservation and destruction of DNA evidence—but this statutory procedure did not become effective until March 16, *2009*. Miss. Code Ann. § 99-49-1 (Supp. 2009).[2]  That statutory provision was not in effect at the

---

    [2] Under this statute, "the state shall preserve all biological evidence . . . [t]hat is secured in relation to an investigation or prosecution of a crime for the period of time that the person convicted of that crime remains in custody," Miss. Code Ann. § 99-49-1(3)(a)(ii) (Supp. 2009), and the state must retain biological evidence "in the amount and manner sufficient to develop a DNA profile from the biological material[.]"  Miss. Code Ann. § 99-49-1(3)(d).

6

time the DNA was tested in this case or when Lofton pleaded guilty in October 1993; therefore it has no application here. *See Chapman v. State*, 47 So. 3d 203, 209 (¶21) (Miss. Ct. App. 2010) (determining that laws pertaining to biological evidence would not be applied retroactively). Lofton has failed to show that the DNA evidence in his case was preserved. *Pickle*, 203 So. 3d at 757 (¶¶9-13). We further find that Lofton has not provided any support for his suggestion that additional testing would likely produce a more favorable result, as is also required under section 99-39-5(2)(a)(ii).

¶15.   For the above-stated reasons, we find that the circuit court did not err in dismissing Lofton's PCR motion to obtain DNA testing. Although we disagree with the circuit court's reasoning for dismissal on the ground that Lofton was not entitled to DNA testing because he pleaded guilty, we find that the right result was reached for the reasons we have addressed. The judgment of dismissal is therefore affirmed. *Howard v. State*, 62 So. 3d 995, 999 (¶19) (Miss. Ct. App. 2011) (disagreeing with the circuit court's reasoning for dismissal of a PCR motion seeking DNA testing but affirming the dismissal on alternate grounds); *see Green*, 242 So. 3d at 179 (¶10) (affirming the denial of a request for DNA testing where the petitioner failed to show that additional DNA testing "would produce more probative results than the method originally used"); *see also Green*, 294 So. 3d 634, 636 (¶7).

¶16.   **AFFIRMED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. EMFINGER, J., NOT PARTICIPATING.**