# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CP-00909-COA

**BARRY WARE A/K/A BARRY D. WARE**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/17/2023 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | ATTALA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | BARRY WARE (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/29/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., SMITH AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1.     Barry D. Ware filed a "Motion for Post-Conviction Collateral Relief" (PCR) on July 7, 2023, in the Circuit Court of Attala County, Mississippi. His claim for relief was denied by the trial court by an order entered on July 17, 2023. Ware appeals the dismissal of his motion.

## STANDARD OF REVIEW

¶2.     In *Hardison v. State*, 317 So. 3d 978, 982 (¶8) (Miss. Ct. App. 2021), this Court held:

> "This Court employs the clearly-erroneous standard of review when reviewing a trial court's summary dismissal of a PCR motion." *Smith v. State*, 291 So. 3d 1, 5 (¶8) (Miss. Ct. App. 2019) (quoting *Lofton v. State*, 233 So. 3d 907, 908 (¶4) (Miss. Ct. App. 2017)). We will affirm a court's "summary dismissal of a defendant's PCR motion 'if he fails to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right.'" *Id*. (quoting

*Moore v. State*, 248 So. 3d 845, 848 (¶7) (Miss. Ct. App. 2017)). Questions of law, however, are reviewed de novo. *Id*. (citing *Lofton*, 233 So. 3d at 908 (¶9)).

## DISCUSSION

¶3. An Attala County grand jury returned an indictment on February 8, 2012, charging Ware with the deliberate-design murder of Cedric M. Sharkey on January 7, 2012. At the time of the offense, and at the time the indictment was returned, Mississippi Code Annotated section 97-3-19(1) (Rev. 2006) defined the crime of murder to include a killing "done with deliberate design to effect the death of the person killed." There was no statutory crime labeled "first-degree" or "second-degree" murder at that time. During the 2013 regular session of the Mississippi Legislature, section 97-3-19(1) was amended to define "deliberate design" murder as first-degree murder in section 97-3-19(1)(a) and "depraved heart" murder as second-degree murder in section 97-3-19(1)(b). 2013 Miss. Laws ch. 555, §1 (S.B. 2377). This change in the law took effect on July 1, 2013. *Id*. Ware pled guilty to second-degree murder on August 6, 2013, and was sentenced to serve a term of thirty years in the custody of the Mississippi Department of Corrections.

¶4. On August 5, 2016, Ware filed his first PCR motion alleging, among other things, that his plea of guilty to second-degree murder was not entered "voluntarily, intelligently, and knowingly" because his counsel had misinformed him that if he pled guilty to second-degree murder, he would be eligible for parole and trusty earned time. Ware alleged that once he began to serve his sentence, he learned that he would be required to serve his sentence "day for day." An evidentiary hearing was held to address the issues Ware raised, and an order denying his claim for relief was entered on May 11, 2017. The circuit court found that Ware

2

had not shown he had been misinformed as to his eligibility for parole or early release. Further, the circuit court found that he had not shown that he had received ineffective assistance of counsel or that there was no basis shown for the charge of second-degree murder. Ware appealed the denial of his claims, and this Court affirmed the circuit court's decision. *Ware v. State*, 258 So. 3d 315 (Miss. App. Ct. 2018).

¶5.     Regarding the instant PCR motion, Ware claimed that he learned that another inmate convicted of second-degree murder had gone before the parole board. However, when he then filed a grievance with prison officials requesting a parole date, he was again told he was not eligible for parole. In this motion, Ware again argued that he was entitled to a "release date," and he contended that he was entitled "to file an untimely and successive writ petition based on a parole eligibility date and unlawfully held in custody claims."

¶6.     In its order denying Ware's July 17, 2023 PCR claim, the circuit court found that his motion was time-barred and barred as a successive motion. Although the circuit court found that no statutory exception to the procedural bars applied in this case, the court addressed the merits of Ware's claim for parole eligibility. The court specifically found that Ware's sentence had not expired and that he is not being "unlawfully held in custody" because he is not eligible for parole, citing Mississippi Code Annotated section 47-7-3(1)(d) (Rev. 2020), which states:

> (d) Murder. No person sentenced for murder in the first degree, whose crime was committed on or after June 30, 1995, or murder in the second degree, as defined in Section 97-3-19, shall be eligible for parole.

¶7.     We find that Ware's PCR motion is time-barred pursuant to Mississippi Code

3

Annotated section 99-39-5(2) (Rev. 2020) and also barred as a successive motion pursuant to Mississippi Code Annotated section 99-39-23(6) (Rev. 2020). We also agree with the circuit court that Ware is not eligible for parole pursuant to section 47-7-3(1)(d). Therefore, from the face of his PCR motion, Ware was clearly not entitled any relief, and the circuit court did not err by summarily dismissing his PCR motion. *See* Miss. Code Ann. § 99-39-11(2) (Rev. 2020).

¶8.     **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR. WEDDLE, J., NOT PARTICIPATING.**